No. 41,864

ERNEST M. KRONIG, *Appellee*, v. NOLAN MOTOR COMPANY, INC., and UNIVERSAL UNDERWRITERS INSURANCE CO., *Appellants.*

(351 P. 2d 1)

Opinion filed April 9, 1960.

*Harrison Smith*, of Garden City, was on the brief for the appellants.

*A. M. Fleming, Bert J. Vance* and *Dale H. Corley*, all of Garden City, and *Charles H. Fleming*, of Scott City, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the respondent and its insurance carrier from an order of the district court affirming an award to an employee under the workmen's compensation act. The only questions presented are (1) whether there was substantial competent evidence presented by the record to sustain the employee's position that he met with a compensable accident on January 8, 1958, and (2) whether the claim was made as required by law.

The parties concede that as to questions of fact the Supreme Court reviews the record in a workmen's compensation case only

to determine whether it contains substantial evidence to support the trial court's findings, and in doing so, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial competent evidence appears to support such finding it is conclusive and will not be disturbed on review. (*Attebery v. Griffin Construction Co.*, 181 Kan. 450, 312 P. 2d 598; *Madison v. Key Work Clothes*, 182 Kan. 186, 318 P. 2d 991; and *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 347 P. 2d 235.)

The facts which support the trial court's findings under the foregoing rule may be briefly stated as follows:

The appellee, Ernest M. Kronig, an employee of Nolan Motor Company, Inc., one of the appellants, testified that while at work in the year 1947 he sustained a hernia which he did not have repaired. Thereafter, on January 8, 1958, while tightening a head bolt on an automobile on the job at Nolan's, he strained the area in the vicinity of the previous hernia. He continued working until later in the day when he notified his foreman of the injury, left the job, and consulted Dr. Hastings.

Dr. Hastings testified that on January 8, 1958, he was consulted by the appellee and after examination advised the appellee that his hernia had been aggravated. The doctor testified that a man stretching out full length over an automobile hood with a wrench in one hand trying to tighten the head bolt on an automobile, would be putting the kind of pressure on his abdomen that could cause or aggravate a hernia.

The general office manager of the Nolan Motor Company testified that on January 8, 1958, he was informed by Nolan's service manager that the appellee had injured himself and had to leave the job and go to the doctor. He further testified that the Nolan Motor Company was not in opposition to the appellee's claim but supported it wholeheartedly.

The employer's report of accident was filed on the 7th day of October, 1958, and the appellee's claim for compensation was filed with the employer, Nolan Motor Company, on the 18th day of October, 1958.

The commissioner found, in addition to the admissions of the parties, that the claimant sustained personal injury by accident arising out of and in the course of his employment with the respondent resulting in an aggravation of a hernia necessitating surgery.

He further found that the claimant made written claim within the statutory period.

The claimant was awarded compensation for 12.43 weeks at the rate of $34 per week in the sum of $422.62, and the respondent and insurance carrier were directed to pay the doctor bill of $125 and the hospital bill of $235.80.

On appeal to the district court the commissioner's award was affirmed in all particulars and judgment was entered accordingly.

It cannot be said upon the record presented there was no evidence of an accident suffered by the appellee on the 8th day of January, 1958. The finding that appellee's injury on the 8th day of January aggravated a pre-existing condition is also supported by the record.

It is the generally accepted rule that aggravation of a pre-existing condition is compensable under the workmen's compensation act and does not relieve the employer from liability on the second injury. (See, 99 C. J. S., Workmen's Compensation, § 180[a], p. 606.)

It was said in *Johnson v. Skelly Oil Co.*, 181 Kan. 655, 312 P. 2d 1076:

". . . The risk of employing a workman with a pre-existing disease is upon the employer. Where a workman is not in sound health but is accepted for employment and a subsequent industrial accident suffered by him aggravates his condition resulting in disability, he is entitled to compensation. (*Hall v. Kornfeld-Harper Well Servicing Co.*, 159 Kan. 70, 74, 151 P. 2d 688; *Workman v. Johnson Bros. Construction Co.*, 164 Kan. 478, 190 P. 2d 863, and cases therein cited.) There is no standard of health necessary to bring a workman under the statute and accidental injuries are compensable thereunder where the accident only serves to aggravate or accelerate an existing disease or intensifies the affliction. (*Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *Copenhaver v. Sykes*, 160 Kan. 238, 243, 160 P. 2d 235.)" (p. 656.)

We therefore hold upon the basis of the record presented there was substantial competent evidence to sustain the judgment awarding compensation on the ground the appellee met with a compensable accident on January 8, 1958.

The appellants contend the claim was not made as required by law. It was admitted the employer had actual notice of the accident on January 8, 1958, but no report of the accident was filed with the workmen's compensation commissioner by the employer until the 7th day of October, 1958. Claim was filed by the appellee workman on the 18th day of October, 1958, pursuant to a notice which he

received from the workmen's compensation commissioner. This claim was filed within one year of January 8, 1958, and was therefore filed in time under the provisions of G. S. 1957 Supp., 44-557 (now G. S. 1959 Supp., 44-557). This section of the workmen's compensation act was before the court in *Wilson v. Santa Fe Trail Transportation Co.,* supra.

Here the employer was given notice of injury on the day of the accident by the workman, and the employer did not make a report of the accident to the commissioner within seven days thereafter as required by the provisions of 44-557, *supra.* The workman upon receiving the injury worked a short while and then left his employment, being incapacitated for the remainder of the day and for a total of thirteen weeks thereafter, beginning March 22, 1958, when he was operated by Dr. Hastings. Under these circumstances the limitation of time within which the workman is entitled to commence a proceeding under the workmen's compensation act is extended to one year as provided in 44-557, *supra.* The appellee therefore filed his claim as required by law.

The judgment of the lower court is affirmed.