No. 42,411

ANDREW ALMENDAREZ, *Appellee*, v. WILSON & COMPANY, Self-Insurer, *Appellant*.

(362 P. 2d 1)

Opinion filed May 13, 1961.

*J. D. Lysaught,* of Kansas City, argued the cause, and *J. E. Schroeder, Lee E. Weeks* and *Leonard O. Thomas,* all of Kansas City, were with him on the briefs for the appellant.

*Paul Scott Kelly,* of Kansas City, Missouri, argued the cause, and *David W. Carson, John K. Dear, Ernest N. Yarnevich, Joseph T. Carey, J. M. Mahoney* and *John H. Fields,* all of Kansas City, Kansas, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal involves a workmen's compensation proceedings in which the district court allowed the claimant an award. The parties were under the act, and the court found that claimant was injured in the course of his employment while moving a barrel on November 27, 1957; that he told his foreman that he had injured his back, and then went to see the company doctor but did not find him. The court found that the employer had notice of the injury within ten days as required by G. S. 1949, 44-520. The principal question in this appeal by the employer is concerning the time for filing the claim for compensation and is well set out in the trial court's conclusions of law reading as follows:

"CONCLUSIONS OF LAW

"G. S. 1957 Supp., 44-520a, provides that written claim for compensation must be made within 180 days after the accident where no compensation is paid as in this case.

"G. S. Supp., 44-557, requires the employer to make a report to the Commission of any accident to any employee which occurs in the course of his employment, of which the employer or his foreman has knowledge, within seven days after the receipt of such knowledge: *provided, that such accidental injuries are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such accidental injury was sustained.* Since the accidental injury here involved is alleged to have occurred on November 27, 1957 and the written claim for compensation was not filed until July 14, 1958, more than 180 days had elapsed after the alleged accident, and the claim is barred unless by reason of the provisions of G. S. 1957 Supp., 44-557, the time for filing the claim was extended. The Court construes the words 'for more than the remainder of the day shift or turn . . .' to mean (1) the remainder of the day or shift on which the alleged accidental injury was sustained, *and* (2) an additional period of time. In other words, a condition precedent to 44-557 being applicable in any case is a showing that the workman was wholly or partially incapacitated for at least the remainder of the day shift or turn on which the accidental injury is alleged to have been sustained. There is no such showing here. However, in 1957, a second proviso was added by the legislature, which must be considered here. That proviso reads: 'That no limitation of time in this act provided shall begin to run unless a report of the accident as hereinbefore provided has been filed at the office of the Kansas Workmen's Commissioner if the injured workman shall have given his notice of injury as provided by 44-520, G. S. 1949.'

"The Court concludes that the 1957 proviso is all inclusive and renders the first proviso above noted in the same section of the Statutes as re-enacted, ineffective, and, therefore, of no controlling effect herein. The Court's authority for this is the case of *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, (347 P. 2d 235) where at pages 735-736 the Court speaks as follows:

'It is definitely stated in 44-557 that if the employer or his foreman has knowledge of an accident occurring to any employee in the course of his employment, notice must be given as provided by the statute.'

"And, therefore, the Court holds that failure to give such notice, although the workman is not wholly or partially incapacitated for the period noted in said statute, extends the limitation of time within which to commence a proceeding. The Court, therefore, holds that the claimant had one year following the accident in which to file his claim, and, therefore, his claim must be held to have been filed in time."

We would agree with the trial court that the case of *Wilson v. Santa Fe Trail Transportation Co.*, cited by the court, largely controls this case. In the Wilson case, Mr. Wilson like Mr. Almendarez in this case "suffered out" the rest of the day's work. It is true that the claimant in the Wilson case did not return to work following that day's work for some time, but he did not notify the employer that he was claiming compensation until long after he had tried to return to work. Here the claimant did not return to work

the next day because it was Thanksgiving. Claimant was off work because of his back for three days in December although he merely reported to his employer that he was sick. He was off again in January, 1958, and became totally disabled on February 12, 1958. In February he reported to the employer that it was his back which was troubling him although he did not give any indication that he was claiming compensation. He testified that he did not like to tell the employer about his back because "if I ever told them about my back I was afraid they'd let me go."

The claimant's fear of discharge would not appear to have been unfounded since, after claimant had been operated on by his own doctor for a protruded disc and spinal fusion which caused some permanent disability, claimant was discharged by his employer. Thereafter, as shown by the trial court's conclusions, claimant filed his claim for workmen's compensation on July 14, 1958.

The reason for the extension of the time for filing of the claim as provided in G. S. 1959 Supp. 44-557 is that if the employer gives notice to the workmen's compensation commissioner of an accident, the commissioner will then mail material to the employee advising him of his rights under the workmen's compensation act. If no notice to the commission is given by the employer, the employee may never learn of his rights under the act.

Under our decisions in *Wilson v. Santa Fe Trail Transportation Co.,* supra, and *Kronig v. Nolan Motor Co.,* 186 Kan. 534, 351 P. 2d 1, we are unable to discover any reversible error in the trial court's conclusions of law set out above.

The respondent does say that there was no substantial, competent evidence to justify the trial court's finding that claimant suffered an accidental injury. But the claimant so testified, and his testimony is not denied. The trial court found in accord with claimant's testimony, and this court has no jurisdiction over questions of fact, see *Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, p. 346, 356 P. 2d 804, and authorities cited.

Respondent also argues that the trial court erred in allowing items of medical expense in its award. We shall simply refer to what was said in the Cross case *supra,* beginning with the last paragraph of the opinion on page 348.

There appears to be no need to extend this matter further. The judgment of the district court is affirmed. It is hereby so ordered.