Nos. 42,913 and 42,960

EDWARD DALE ANDERSON, *Appellee* and *Cross-Appellant*, v. AIR-CAPITOL MANUFACTURERS, INC., *Appellant* and *Cross-Appellee*, and FIDELITY AND CASUALTY COMPANY OF NEW YORK, *Appellant* and *Cross-Appellee*.

(372 P. 2d 294)

Opinion filed June 9, 1962.

*Harry E. Robbins, Jr.*, of Wichita, argued the cause, and *Dwight S. Wallace* and *Donald C. Tinker, Jr.*, were with him on the briefs for the appellants and cross-appellees.

*Otto J. Koerner*, of Wichita, argued the cause and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

ROBB, J.: This is an appeal in a workmen's compensation proceeding by the respondent and its insurance carrier from the trial court's award of compensation in favor of the claimant, and a cross appeal by claimant from the trial court's award of fifty per cent permanent partial disability.

Claimant's duties for the respondent included lifting and stacking boxes of lawnmowers. At approximately 3:30 p. m. on April 18, 1960, he had pains in his arms and chest. He finally sat down and did no further work until the whistle blew.

He was taken to the hospital at approximately 8:00 or 8:30 p. m. that evening after having suffered a heart attack. The following morning, April 19, 1960, claimant's sister called respondent and talked to Robert L. Kralicek, general supervisor of production, and supervisor of claimant, who, as respondent's plant superintendent,

had the responsibility of filling out accident reports whenever one occurred. Claimant's sister informed Kralicek that claimant had had a heart attack the night before, was in the hospital, and would like to have a thirty day leave. Kralicek admitted having the above telephone conversation on April 19, 1960, with a woman he understood was claimant's sister. Kralicek further testified he did not process the notice of the injury and heart attack as an injury case, that the sister did not state the heart attack was connected with the work claimant had been doing the day before, and no accident report was filed.

The director further set out in his summary of the evidence that in response to a hypothetical question, Kralicek testified:

". . . if an employee complained about having chest pains and his arms hurting and asked to sit down during the working hours and the next day it was learned that the employee had suffered a heart attack . . . he doubted whether or not he would file an accident report, as a result of that information."

The director's award showed the following finding:

"Further, that respondent had notice of the claimant's injury on April 19, 1960; that respondent failed to file a notice of injury with the Workmen's Compensation Director as required by G. S. of Kan., 1959 Supp., 44-557, thereby enlarging the time for the claimant to file his claim from 180 days to the period of one year, as provided in said statute; that claimant filed his claim on December 7, 1960, within the one year period."

Respondent appealed from the director's award and claimant also appealed therefrom to the district court. So far as material to this appeal, the trial court made a finding of fact as follows:

"The Court further finds that failure to file the notice until December 7, 1960, was not prejudicial to the employer and therefore, does not bar this claimant from compensation."

In making an award of fifty per cent permanent partial disability from December 10, 1960, the trial court made these further findings:

"The Court will make a finding that the employer on April 19th was notified that the claimant was in the hospital as a result of a heart attack, and that he had been taken to the hospital at about 8 or 8:30 the night before. . . . That the record is silent as to whether the employer ever received written notice of injury at any time."

Then in its formal journal entry of judgment, the trial court stated:

". . . that the failure to file the notice until December 7, 1960, was not prejudicial to the employer and, therefore, does not bar the claimant from compensation.

"The court further finds that the respondent on April 19, 1960, was notified

that the claimant was in the hospital as a result of a heart attack, and that he had been taken to the hospital at 8:00 or 8:30 the night before."

G. S. 1949, 44-520, provides as follows:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary: *Provided further, That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby."* (Our emphasis.)

While the trial court did not make a specific finding as to notice, as did the director, it did make the finding that failure to file the notice until December 7, 1960, was not prejudicial to the employer, which is a finding of fact. (*Gales v. Kiewit Sons' Co.,* 184 Kan. 573, 337 P. 2d 669.) In view of the testimony of Kralicek alone there was sufficient substantial competent evidence upon which the trial court could base such a finding and once that finding of fact was made, it will not be disturbed on appeal. (*Alexander v. Chrysler Motor Parts Corp.,* 167 Kan. 711, 714, 207 P. 2d 1179; and see, also, *Almendarez v. Wilson & Co.,* 188 Kan. 303, 362 P. 2d 1, and the authorities therein cited.)

In regard to claimant's cross appeal, the award by the trial court of fifty per cent permanent partial disability was based upon the medical testimony and under *Gales v. Kiewit Sons' Co.,* supra, the fact that other medical testimony may have supported a different finding from the one made by the trial court is not material because an appellate court on review cannot reconsider facts for the purpose of arriving at a different finding from that made by the statutorily designated trier of the facts.

In view of what has been said, we conclude the trial court did not err in any of the particulars complained of in either the appeal or the cross appeal.

The judgment is affirmed.