No. 43,367

RANDOLPH R. RICKER, (Claimant), *Appellee*, v. YELLOW TRANSIT FREIGHT LINES, INC., (Respondent), TRUCK INSURANCE EXCHANGE OF THE FARMERS INSURANCE GROUP, (Insurance Carrier), *Appellants*.

(379 P. 2d 279)

Opinion filed March 2, 1963.

*Otto J. Koerner*, of Wichita, argued the cause and was on the briefs for the appellants.

*A. J. Focht*, of Wichita, argued the cause, and *Paul V. Smith; Douglas E. Shay; William C. Farmer; Leo R. Wetta*; and *James R. Schaefer*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This controversy involves the validity of an award under the workmen's compensation act. The district court approved the award. The employer, Yellow Transit Freight Lines, Inc., hereinafter referred to as the employer, and its insurance carrier, Truck Insurance Exchange of The Farmers Insurance Group, hereinafter referred to as the insurer, have appealed.

On appeal the appellants challenge only the timely commencement of the proceeding with the workmen's compensation director and the timely serving of the written claim for compensation on the employer by the workman, Randolph R. Ricker, hereinafter referred to as the claimant.

The undisputed facts pertinent to the determination of the foregoing limited issues may be briefly stated.

On Friday, May 13, 1960, at about his regular quitting time, claimant sustained an injury to his back while lifting a long, heavy crate in the course of his regular employment with the employer. He continued to work until quitting time. Claimant informed his dock foreman, Dixon, of the accident about seven days subsequent to May 13, 1960. He also gave that information to Mayhue, his terminal manager.

On August 26, 1960, claimant was given a temporary release from work in order that he might have a tonsillectomy. He did not return to his employment.

Subsequently, and on May 3, 1961, he made a written demand for compensation on his employer. Thereafter, and on May 5, 1961, the workmen's compensation director received the employer's accident report. Later, and on June 9, 1961, an application for hearing was filed with the workmen's compensation director.

The employer paid no compensation and furnished no medical assistance prior to the hearing for workmen's compensation.

It is stipulated that the employer "was not prejudiced should it be determined that the ten day notice had not been received by the respondent." Moreover, the record discloses an express finding by the director to the effect such notice was received by the employer (respondent) within that period of time is supported by substantial evidence.

Appellants further state in their brief that "for the purpose of this hearing, the respondent (employer) is not raising any issues relative to the injury or the amount of compensation due."

The workmen's compensation director concluded that the written demand for compensation was made within time and was sufficient under the statute, and made an appropriate award. The district court made findings and conclusions in harmony with those of the Director and sustained the award.

The appellants contend that the claimant did not commence his proceedings before the Director in a timely manner as required by G. S. 1961 Supp., 44-557, and also that he was barred from receiving compensation because he did not serve his employer with a written claim for compensation within the time required by G. S. 1961 Supp., 44-520a.

The two contentions are closely related and the statutes to be considered are applicable to each.

As originally enacted in 1927 (Laws 1927, Chap. 232, Sec. 54.) the section of the statute, requiring employers to report accidents or claimed accidents to employees, provided, so far as here material, as follows:

"It is hereby made the duty of every employer including employers electing not to come under this act, to make or cause to be made a report to the commission of any accident, or claimed or alleged accident, to any employee which occurs in the course of his employment and of which the employer or his foreman has knowledge, within seven (7) days, after the receipt of such knowledge: *Provided,* That such accidental injuries are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such accidental injury was sustained, which report shall be made upon a form to be prepared by the commission . . . *Provided further,* . . . Any employer who refuses or willfully neglects to make any report required by this section, shall be guilty of a misdemeanor and upon conviction thereof, shall be punished by a fine of not more than five hundred ($500) dollars for each offense."

This section was amended in 1957 by adding the following provisions:

"*Provided further,* That no limitation of time in this act provided shall begin to run unless a report of the accident as hereinbefore provided has been filed at the office of the Kansas workmen's compensation commissioner if the injured workman shall have given his notice of injury as provided by section 44-520 of the General Statutes of 1949: *Provided, however,* That any proceeding for compensation for any such injury or death, where report of accident has not been filed, must be commenced before the commissioner within one year from the date of the accident, suspension of payment of compensation, or death of such employee referred to in section 5 [*] hereof." (Now G. S. 1961 Supp. 44-557.)

The provision of G. S. 1949, 44-520, to which the above quoted section refers was enacted in 1927 (Laws 1927, Chap. 232, Sec. 19) and has not been amended. It provides:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or by his duly authorized agent shall render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby."

The act of 1927 (Laws 1927, Chap. 232, Sec. 20) also contained the following provision:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, . . ."

The foregoing provision is now G. S. 1961 Supp., 44-520a. Such provision remains the same except the ninety days for serving the written claim has been changed to one hundred eighty days.

We will first consider the following question presented by appellants:

"Was the claimant barred from receiving compensation because of his failure to serve the respondent with written claim for compensation within 180 days from the date of the alleged accident as required by G. S. 1961, Supp., 44-520a, and G. S. 1961, Supp., 44-557?"

Appellants contend that even though the employer has actual notice, or is given notice by the employee under the provisions of G. S. 1949, 44-520, the employer has no duty to report the accident to the Workmen's Compensation Director unless "such accidental injuries are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such accidental injury was sustained."

We cannot agree with the foregoing contention. The appellants rely on the first proviso of G. S. 1961 Supp., 44-557, but ignore the first of the two provisos that were added to that section in 1957. The first proviso so added must be given effect. It provides:

"That no limitation of time in this act provided shall begin to run unless a report of the accident as hereinbefore provided has been filed at the office of the Kansas workmen's compensation commissioner if the injured workman shall have given his notice of injury as provided by section 44-520 of the General Statutes of 1949: . . ."

Knowledge of the accident by the employer or his duly authorized agent, or notice to the employer within ten days of the accident is all that is required by G. S. 1949, 44-520. When the employer or his agent has knowledge of the accident all limitations in the act are suspended if the employer fails to file a report of the accident as provided for in G. S. 1961 Supp., 44-557. The record in this case discloses the claimant (employee) notified his dock foreman of the accident within seven days after it occurred.

G. S. 1961 Supp., 44-520a, is not mentioned as a notice requirement in G. S. 1961 Supp., 44-557. It is therefore one of the limitations of time, in the act, which does not begin to run unless the employer files a report of the accident at the office of the workmen's compensation director.

The employer having failed to file the report of the accident, there was no time limit in which the claimant (employee) must serve written claim for compensation on it, except as necessary to commence proceedings for compensation before the Workmen's Compensation Director within one year.

There are a number of recent cases touching on this question. In *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 347 P. 2d 235, it is said and held:

"It is definitely stated in 44-557, *supra*, that if the employer or his foreman has knowledge of an accident occurring to any employee in the course of his employment, notice must be given as provided in the statute. The emphasized clause quoted in 44-520, *supra*, excuses an injured workman from giving notice where the employer has actual knowledge of the accident. We interpret the last clause of the first proviso, emphasized in 44-557, as one requiring the employee to give notice of injury in compliance with the provisions of 44-520, unless he is excused from the giving of such notice as provided therein. In other words, if the employer has actual knowledge of the accident, the injured workman is excused from giving the notice required, and failure of the employer to file a report of accident with the commissioner of an accident to an employee, which occurs in the course of his employment, extends the limitation of time within which to commence a proceeding under the workmen's compensation act to one year as set forth in the second proviso of 44-557." (pp. 735, 736.)

See, also, paragraphs 3 and 4 of the syllabus in the *Wilson* case.

Later in *Kronig v. Nolan Motor Co.*, 186 Kan. 534, 351 P. 2d 1, we said:

"The appellants contend the claim was not made as required by law. It was admitted the employer had actual notice of the accident on January 8, 1958, but no report of the accident was filed with the workmen's compensation commissioner by the employer until the 7th day of October, 1958. Claim was filed by the appellee workman on the 18th day of October, 1958, pur-

suant to a notice which he received from the workmen's compensation commissioner. This claim was filed within one year of January 8, 1958, and was therefore filed in time under the provisions of G. S. 1957 Supp., 44-557 (now G. S. 1959 Supp., 44-557). This section of the workmen's compensation act was before the court in *Wilson v. Santa Fe Trail Transportation Co.,* supra.

"Here the employer was given notice of injury on the day of the accident by the workman, and the employer did not make a report of the accident to the commissioner within seven days thereafter as required by the provisions of 44-557, *supra.* The workman upon receiving the injury worked a short while and then left his employment, being incapacitated for the remainder of the day and for a total of thirteen weeks thereafter, beginning March 22, 1958, when he was operated by Dr. Hastings. Under these circumstances the limitation of time within which the workman is entitled to commence a proceeding under the workmen's compensation act is extended to one year as provided in 44-557, *supra.* The appellee therefore filed his claim as required by law." (pp. 536, 537.)

See, also, *Anderson v. Air-Capitol Manufacturers,* 190 Kan. 106, 372 P. 2d 294; *Almendarez v. Wilson & Co.,* 188 Kan. 303, 362 P. 2d 1.

The final question, as presented by appellants, reads:

"Did the claimant, appellee herein, commence his proceeding before the Director in a timely manner as required by the Workmen's Compensation Act, G. S. 1961, Supp., 44-557?"

Appellants contend that the accident ocurred on May 13, 1960, and that the proceeding for compensation was not commenced within one year thereafter as required by G. S. 1961 Supp., 44-557, when the employer fails to file a report of the accident.

It is conceded that claimant (appellee) served a written demand for compensation on his employer May 3, 1961, and that the Workmen's Compensation Commissioner, now Workmen's Compensation Director (see Laws 1961, Chapter 243, Section 7, [effective June 30, 1961], now G. S. 1961 Supp., 74-710), received the employer's accident report on May 5, 1961, all within one year from the date of the accident. The claimant's application for hearing was not filed with the workmen's compensation commissioner until June 9, 1961.

The question may be simplified. Is a distinction to be made between the filing of a written claim with the employer and the commencement of the proceeding before the workmen's compensation commissioner (now director) or is the written claim for compensation served by the claimant on the employer a commencement of the proceeding before the Workmen's Compensation Commissioner?

There are no specific precedents to guide us in the determination of the pending issue. In the cases heretofore cited it appears to have been assumed that if written claim for compensation has been filed with, or we may add served on, the employer within time, proceedings under the workmen's compensation act had been commenced. (See, e. g., *Wilson v. Santa Fe Trail Transportation Co.*, supra; *Kronig v. Nolan Motor Co.*, supra; *Almendarez v. Wilson & Co.*, supra.)

G. S. 1949, 44-534, provides that in default of agreement *either party may in writing apply to the commissioner for a determination of the compensation due or claimed to be due*, said application for hearing to be in form as prescribed by the rules of the Commissioner and shall set forth the substantial and material facts in relation to said claim. We may look to the rules as an aid in determining the manner of proceeding before the workmen's compensation director for a hearing and compliance with G. S. 1961 Supp., 44-557.

The procedure and rules pertaining to administration of the law, filed with the Revisor of Statutes, are set forth in the manual provided by the workmen's compensation commissioner, Rule 51-1-7 provides:

"Form E-1, Application for Hearing and Claim for Compensation. This form is to be on light green paper, size 8½ x 11 inches, and will be furnished by the Commissioner. Form E-1 is as follows: [Authorized by G. S. 1935, 44-534 and 44-601, *et seq.*; compiled, January 1, 1948, amended, Aug. 13, 1953; amended July 1, 1955.]" (p. 75.)

The form states at the bottom—"Workmen Requesting a Hearing should File This Application With the Commissioner." It adds— "This Application is a Written Claim for Compensation When Served on the Employer Personally or by Registered Mail."

If a written claim for compensation has not been served on the employer, the employee must file an application for hearing and serve a copy upon the employer within one year from the date of the accident. This is necessary under the provisions of G. S. 1961 Supp., 44-557, providing:

". . . That any proceeding for compensation for any such injury or death, where report of accident has not been filed, must be commenced before the commissioner within one year from the date of the accident, . . ."

The knowledge of the employer that an accidental injury has occurred does not, standing alone, invoke the operation of the pro-

visions of the act. It simply suspends the commencement of the limitations provided in the act if the employer does not file a report of the accident and gives the employee one year in which to commence the proceeding.

The purpose of the provision last quoted is to require the employee to make a positive claim in writing, within one year, if he desires to seek recovery under the act, even though the employer has actual knowledge of the accident.

The phrase "commenced before the commissioner" should not, however, be given a strained construction which would destroy the purpose of the other provisions of the act. The rule that the workmen's Compensation Act is to be liberally construed in order to effectuate legislative intent and purpose in its enactment is so well-established as to require no citation of our decisions supporting it.

Where a written claim has been previously served on the employer, the application is nothing more than a request for a hearing. A request for a hearing follows a pending proceeding. The proceeding is commenced when the employee serves written claim upon the employer for compensation and the employer is required by statutory fiat to file a report with the Workmen's Compensation Director. A proceeding for workmen's compensation is invoked when the employee serves notice upon his employer of his claim for compensation. *Davis v. Reed,* 188 Kan. 159, 163, 360 P. 2d 847.)

In *Clark v. Tucker Electric Co.,* 185 Kan. 580, 345 P. 2d 620, we make the following statement:

"However, it must be remembered that the employer could call up the claim for hearing just as a defendant in the district court may insist that a case pending against him be heard (Rule 51-3-5 of the workmen's compensation commissioner filed in office of the revisor of statutes)." (p. 585.)

Support for the conclusions just announced in connection with the question now under consideration, at least from the standpoint of indicia of legislative intent, is to be found in the statutory enactment (Laws 1953, Chap. 246) extending the Workmen's Compensation Act to cover certain occupational diseases. See G. S. 1961 Supp., 44-5a17, which, so far as here pertinent, reads:

". . . If no claim for disability or death from an occupational disease be filed with the workmen's compensation commissioner *or served on the employer* within one (1) year . . . the right to compensation for such disease shall be forever barred. . . ." (Emphasis supplied.)

In view of what has been heretofore stated and held we are constrained to hold that the instant proceeding was commenced and the matter pending when the written claim for compensation was served on the employer and it had a definite statutory obligation to file its report. Nothing remains for either party except to call the matter up for hearing before the Workmen's Compensation Director.

Once the proceeding was commenced, the claimant had three years in which to make application for a hearing before the Director. *Cruse v. Chicago, R. I. & P. Rly. Co.*, 138 Kan. 117, 23 P. 2d 471; *Clark v. Tucker Electric Co.*, supra.)

The written claim of claimant was served on the employer in time and the proceeding was commenced and prosecuted before the Workmen's Compensation Director in a timely manner.

The judgment is affirmed.