No. 43,864

RAYMOND A. MAGERS [Claimant], *Appellee,* v. MARTIN MARIETTA CORPORATION, UNITED BRICK & TILE DIVISION [Respondent], and ZURICH AMERICAN INSURANCE CO. [Insurance Carrier], *Appellants.*

(392 P. 2d 148)

Opinion filed May 9, 1964.

*R. L. White,* of Pittsburg, argued the cause, and *R. L. Letton* and *J. Curtis Nettels,* both of Pittsburg, were with him on the briefs for the appellants.

*Harold H. Crook,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal from a judgment awarding compensation under the Workmen's Compensation Act. The facts may be stated briefly as follows:

On January 10, 1962, the appellee, claimant in the court below, sustained an accidental injury arising out of and in the course of his employment with respondent Martin Marietta Corporation, United Brick & Tile Division. The respondent had immediate notice of claimant's injury and furnished medical treatment up to and including March 12, 1962.

After being off work for three days because of his injuries, the claimant returned to his job where he remained until January 31, 1963, at which time, because of his back injury, he was discharged

by the Acme Brick Company which had recently purchased the respondent company.

On February 18, 1963, the claimant executed Form E-1 which on its face is designated "Application for Hearing and Claims for Compensation." This form was not served on the employer by claimant but was sent to the Workmen's Compensation Director who received it on February 19, 1963.

Two days later, on February 21, 1963, the director addressed notice of hearing to the claimant, to the respondent employer and to the insurance carrier. The notice addressed to the employer as "United Brick & Tile Company, Div. of American-Marietta Co." was received by the plant superintendent of Acme about February 22, 1963, and by him forwarded to the Kansas City office of United Brick & Tile Company at the Martin Marietta address, as he had been instructed to do. The respondent makes no claim that this notice was not received.

A written demand for compensation was served on March 20, 1963, the contents of which and the method of service not being shown.

The employer filed no report of accident with the Workmen's Compensation Director until March 28, 1963.

When the hearing was had before the examiner for the Workmen's Compensation Director it was stipulated that the issues were three in number: (1) Whether or not the claimant served a written demand for compensation within time; (2) nature and extent of claimant's disability, if any; and (3) the amount of compensation due, if any. Upon an award being made by the examiner an appeal was taken by respondent and its insurance carrier to the district court of Cherokee county which made extensive findings of fact and conclusions of law and entered judgment in favor of claimant. Appeal to this court followed.

Before proceeding to consider the merits of the points raised in this appeal, we pause to note appellee's motion to dismiss the appeal itself. His motion is predicated upon the failure of appellants both to serve a copy of their notice of appeal upon either appellee or his counsel and to make proof of service.

A determination of the point raised by the appellee requires examination of that portion of G. S. 1961 Supp., 44-556, which reads as follows:

". . . That any party to the proceedings may appeal from any findings or order of the district court to the supreme court on questions of law. . . . Such appeal to the supreme court shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within twenty (20) days after the final order of said district court, and the district clerk shall immediately transmit a certified copy of such notice of appeal to the clerk of the supreme court, and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases, and shall take precedence over other cases except cases of a like character. . . ."

As we understand it, the appellee contends that this statute adopts by reference the requirements of G. S. 1949, 60-3306 for perfecting appeals in civil cases, and he calls attention to the phrase "and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases," as accomplishing such a result.

We do not read or understand the statute as does appellee. The language on which the appellee relies is preceded by this significant provision:

". . . Such appeal to the supreme court shall be *taken and perfected* by the filing of a written notice of appeal with the clerk of the district court within twenty (20) days after the final order of said district court, . . ." (Emphasis supplied.)

If the words "taken and perfected" mean what they say, and we believe they do, for they are blunt and honest words of spotless lineage, then all that one need do under the statute to consummate or bring to perfection his appeal to this court is to file his written notice of appeal with the clerk of the district court. It is only after an appeal has so been perfected that it is to be prosecuted as other appeals in civil actions.

Granted that G. S. 1949, 60-3306 requires that service of the notice of appeal be made on all adverse parties or their counsel, and that proof of service be made by affidavit, that particular statute simply is not applicable here. The Workmen's Compensation Act provides its own procedures which are not to be supplemented by rules borrowed from the Code of Civil Procedure. (*Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P. 2d 432; *Teague v. George*, 188 Kan. 809, 812, 365 P. 2d 1087.)

The appellee's motion to dismiss the appeal is overruled.

Before discussing the questions involved in the appeal itself we should mention that the respondent seems to have been known both by the name of United Brick & Tile Company, Division of American Marietta Company, and by the name of Martin Marietta Com-

pany, United Brick & Tile Division. The record does not indicate that this was due to any fraudulent intent to conceal its identity or to elude the claimant, and we believe that any inferences drawn to such effect are baseless.

The third specification of error, which we shall proceed first to discuss, is that claimant failed to prove total disability which arose out of and in the course of his employment. Since respondent stipulated that the injury arose from and in the course of employment, the only thing left for either the examiner or the trial court to decide was whether the injury resulted in total disability. On this point the trial court found:

"That the Claimant, as shown by both medical and lay testimony, is totally disabled as a result of his accidental injury and that his disability is for an indefinite period of time."

In approaching the question we do so in the light of the time-honored rule that if there is any competent evidence to support the trial court's finding, it must be upheld. (See Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 507.)

Without discussing in detail the testimony of the several witnesses set out in abstract and counter abstract, we believe the evidence sufficient to justify the finding. Although claimant returned to work soon after the accident, and remained at work for slightly more than a year, medical evidence clearly related his present disability to the accident. Dr. Rinehart testified the disability he found claimant had *as a result of this injury* would continue for a long time, that his injuries would increase and that his disability is total for ordinary physical labor. (Emphasis supplied.) Dr Hurst found claimant totally temporarily disabled on March 27, 1963, less than two months after his discharge, and doubted he would ever be able to return to work. He further testified that claimant's continuing to work after the accident aggravated the condition to the point it is now disabling.

However we believe the trial court was wrong in one respect in computing the compensation to which it found claimant entitled. In its findings of fact and conclusions of law the trial court found claimant "entitled to compensation payable $38.00 per week from one week subsequent to January 31, 1963, for an indefinite period of time, not to exceed 415 weeks." G. S. 1961 Supp., 44-510 provides in part:

". . . The payment of compensation for total permanent disability shall not extend over a period exceeding eight (8) years *from the date of injury.* . . ." (Emphasis supplied.)

Since the accident in which claimant was injured occurred January, 10, 1962, payment of compensation could not, under the plain wording of the statute, extend longer than eight years from that date. Claimant obviously was not totally disabled prior to January 31, 1963, for he remained at work until then. Nor did the court find he was even partially disabled before January 31, 1963. Under these circumstances, the compensation award should have been for compensation payable $38.00 per week from one week subsequent to January 31, 1963, for an indefinite period of time, not to exceed eight years from January 10, 1962.

In the first and second specifications of error the appellants contend that the claimant failed both to serve written claim for compensation and to commence proceedings for compensation within one year from the date of the last payment of compensation. These contentions will be discussed together.

At the outset the following dates must be kept in mind:

January 10, 1962, date of the accident.

March 12, 1962, date last compensation was paid.

February 18, 1963, Form E-1, Application for Hearing and Claim for Compensation, executed by claimant.

February 19, 1963, Form E-1 received by director.

February 21, 1963, notice of hearing mailed by director that claim for compensation was docketed and set for hearing at 1:30 p. m., April 9, 1963.

February 22, 1963, notice of hearing received by respondent's agent and forwarded to respondent's Kansas City office.

While not too material in view of the decision we have reached, it may be noted that on March 20, 1963, a written claim for compensation was served on the employer. However, no report of the accident was made to the Workmen's Compensation Director by the respondent until March 28, 1963.

In contending that claimant's right to compensation is barred because of failure to serve written claim for compensation on his employer within a year, or to commence proceedings for compensation within that time, the appellants rely on G. S. 1961 Supp., 44-520a, which provides:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by deliver-

ing such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered or certified mail within one hundred eighty (180) days after the accident, . . ."

That statute, however, must be considered in connection with G. S. 1961 Supp., 44-557, the pertinent portion of which reads as follows:

"It is hereby made the duty of every employer including employers electing not to come under this act, to make or cause to be made a report to the commissioner of any accident, or claimed or alleged accident, to any employee which occurs in the course of his employment and of which the employer or his foreman has knowledge, within seven (7) days, after the receipt of such knowledge: . . . *Provided further,* that no limitation of time in this act provided shall begin to run unless a report of the accident as hereinbefore provided has been filed at the office of the Kansas workmen's compensation commissioner if the injured workman shall have given his notice of injury as provided by section 44-520 of the General Statutes of 1949: *Provided, however,* That any proceeding for compensation for any such injury or death, where report of accident has not been filed, must be commenced before the commissioner within one year from the date of the accident, suspension of payment of compensation, or death of such employee. . . ."

G. S. 1949, 44-520, to which the foregoing section refers, provides that notice of time, place and other details of the accident be given the employer within ten (10) days therefrom, except that notice is unnecessary when the employer or his agent has actual knowledge of the accident. Since in this case the employer or his agent had actual knowledge of the accident on the date it occurred, the requirements of Section 44-520 as to notice were fulfilled.

The record is clear that the respondent employer did not report the accident to the director within seven days after it or its foreman had knowledge of it. Indeed, it was not until March 28, 1963, that the report was filed, which was more than a month after claimant had filed his application for hearing with the director and the director had set and notified the respondent of the date on which the hearing was set. The effect of the respondent's failure to report the accident within seven days as required by G. S. 1961 Supp., 44-557 was to suspend the limitation of time provided in G. S. 1961 Supp., 44-520a.

In *Ricker v. Yellow Transit Freight Lines, Inc.,* 191 Kan. 151, 379 P. 2d 279, this court said:

"G. S. 1961 Supp., 44-520a, is not mentioned as a notice requirement in G. S. 1961 Supp., 44-557. It is therefore one of the limitations of time, in

the act, which does not begin to run unless the employer files a report of the accident at the office of the workmen's compensation director." (p. 155.)

Where an employer fails to report an accident to the director as provided by G. S. 1961 Supp., 44-557, the single requirement which that statute, by its terms, imposes upon a claimant seeking compensation is that he commence his proceedings for compensation within one year from the date of the accident, suspension of payment of compensation, or death of the employee. Thus we reach the question of whether proceedings for compensation were commenced in the instant case within the required period of time.

Adverting to the findings of the able trial court, we note included therein the following: that on February 19, 1963, the director received application for hearing and claim for compensation (Form E-1) signed by claimant; that the form was one prescribed by the director for use pursuant to G. S. 1949, 44-534 and would amount to sufficient commencement of the proceedings before the director; and that notice of hearing dated February 21, 1963 was received from the director by the respondent's superintendent about February 22, 1963 and forwarded by him to respondent's employees in Kansas City, Missouri.

We agree that what was done in this case amounted to the commencement of proceedings for compensation. The claimant executed an application for hearing and claim for compensation on the form prescribed by the director pursuant to G. S. 1949, 44-534 for use in applying for a determination of compensation claimed to be due. This application was received by the director who thereupon set the application for hearing and notified the respondent thereof. No additional steps would seem necessary to "commence" proceedings.

Although the Workmen's Compensation Act provides its own procedures, as we have stated previously in this opinion, the commencement of proceedings thereunder would seem comparable to the commencement of a civil action. The Code of Civil Procedure, Laws 1963, Ch. 303, Sec. 60-203 reads:

"A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained or the first publication is made for service by publication, within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. An entry of appearance shall have the same effect as service."

By analogy, the filing of an application with the director to de-

termine compensation and the giving of notice thereof by the director to the employer would clearly appear to be sufficient to commence a proceeding for compensation.

In the recent case of *Ricker v. Yellow Transit Freight Lines, Inc.,* supra, this court considered in some detail what would constitute the commencement of proceedings for compensation under G. S. 1961 Supp., 44-557. While the Ricker case did not involve the precise question presented here, since a different method of commencing proceedings was there under examination, nevertheless much of what was said in that opinion is pertinent to the situation presented here. In referring to the provisions of the foregoing statute, the court said:

"The knowledge of the employer that an accidental injury has occurred does not, standing alone, invoke the operation of the provisions of the act. It simply suspends the commencement of the limitations provided in the act if the employer does not file a report of the accident and gives the employee one year in which to commence the proceeding.

"The purpose of the provision last quoted is to require the employee to make a positive claim in writing, within one year, if he desires to seek recovery under the act, even though the employer has actual knowledge of the accident.

"The phrase 'commenced before the commissioners' should not, however, be given a strained construction which would destroy the purpose of the other provisions of the act. The rule that the workmen's Compensation Act is to be liberally construed in order to effectiuate legislative intent and purpose in its enactment is so well-established as to require no citation of our decisions supporting it." (pp. 157, 158.)

The claimant's application was filed and received by the director on February 19, 1963, and the notice of hearing sent by the director was received by respondent's agent about February 22, 1963. Both dates were well within the year following the last payment of compensation on March 12, 1962. We therefore hold that proceedings for compensation were timely commenced.

The judgment is affirmed as modified and the trial court is instructed to correct its judgment of award of compensation in accordance with the views expressed in this opinion.

It is so ordered.