(266 P.3d 587)
No. 105,787

Leo Nilges, *Appellant*, v. State of Kansas and State Self-Insurance Fund, *Appellees*.

Opinion filed November 23, 2011.

*Jan L. Fisher*, of McCullough, Wareheim and LaBunker, of Topeka, for appellant.

*Bryce D. Benedict*, of Kansas Health Policy Authority, for appellees.

Before Green, P.J., Malone and McAnany, JJ.

Malone, J.: Leo Nilges appeals the decision of the Workers Compensation Board (Board) finding that he had failed to timely file a written claim for compensation. Nilges argues that pursuant to K.S.A. 44-557(c), his deadline to file a written claim was extended because his employer had notice of his accident but failed to file an accident report. We agree with Nilges' interpretation of the statute; therefore, we reverse the Board's decision and remand for further proceedings.

Nilges was employed by the Kansas Department of Transportation (State) as an equipment operator. On April 21, 2008, Nilges was injured when he refastened a lid on a water truck. While descending from the truck, his feet slipped, so he held onto the truck

with his hands. He immediately felt pain in his upper back, especially his right shoulder. Although Nilges continued to work that day, his pain progressively worsened.

That same evening, Nilges reported the accident to his supervisor, Garrett Brandt. However, no accident report was initially completed. According to Nilges, he requested that an accident report be completed on the date of the accident and then again several times thereafter, but his requests were repeatedly denied by Brandt. According to Brandt, Nilges did not request an accident report on the date of the accident; however, Nilges did request a report some time later, which Brandt then completed.

After the accident, Nilges continued to work. However, he testified that his pain progressively worsened and that he was unable to perform all of his regular duties, including lifting and throwing things and doing work above his head. Wesley Leisure, one of Nilges' coworkers, testified that within a few weeks after the accident Nilges was unable to repair a sign that required reaching above his head. Leisure further testified that Nilges would ask other people to undertake duties he would normally do himself but had difficulty performing due to the pain in his shoulder. Brandt testified that, although Nilges had mentioned having difficulty raising his shoulder, Nilges had never spoken to him about problems performing his job duties due to shoulder or upper back pain.

Nilges testified that because Brandt would not fill out an accident report, he sought medical treatment on his own. He went to a chiropractor for treatment of his upper back and right shoulder and sometimes would miss work for those appointments. Leisure testified he was aware that these visits to the chiropractor were related to Nilges' shoulder. Brandt testified he knew Nilges was taking time off work to see a chiropractor and assumed Nilges was doing so due to back problems because most people go to chiropractors for back problems. However, Brandt testified he did not know that Nilges was seeing a chiropractor due to his work injury. According to Brandt, Nilges never told him the reason he was visiting a chiropractor and Brandt never asked for a reason.

An accident report was eventually completed on December 2, 2008. According to Nilges, the report was completed only after he

had complained to Brandt's supervisor that Brandt had refused to fill out an accident report. The State subsequently authorized Nilges to receive medical treatment, which began approximately December 8, 2008. On January 15, 2009, Nilges had a second accident for which he was ultimately denied any compensation, and Nilges has not appealed that ruling. In June 2009, the State cancelled its authorization for Nilges' medical treatment. Nilges filed a written claim for compensation on June 25, 2009.

A hearing on Nilges' claim was held before an administrative law judge (ALJ) on August 19, 2009. The ALJ found that Nilges' claim was not timely filed and denied benefits, but this decision was reversed and remanded by the Board. Nilges resumed medical treatment and received benefits. He returned to work with no restrictions in January 2010, but his condition worsened. Nilges saw another doctor who gave work restrictions. The State could not accommodate the restrictions, and Nilges was released from his job on February 4, 2010.

On September 27, 2010, Nilges' claim was transferred to a new ALJ. The ALJ found that Nilges' claim was timely and awarded benefits. The ALJ's decision was appealed to the Board. The issues before the Board included whether Nilges timely filed his claim; whether Nilges suffered a scheduled injury or an injury to the body as a whole; and the nature and extent of Nilges' disability. The Board found that Nilges did not file his claim within 200 days of the date of his injury on April 21, 2008. The Board also found that the State was not required to file an accident report when Nilges initially notified his supervisor of the injury, so as to extend the deadline for Nilges to file a claim. Thus, the Board concluded that Nilges failed to file a timely written claim, and the Board did not reach the remaining issues. Nilges timely appealed the Board's decision.

On appeal, Nilges claims the Board erred in finding that he had failed to timely file a written claim for compensation. Nilges acknowledges that he did not file his written claim within 200 days of the date of his accident, as generally required by K.S.A. 44-520a. However, Nilges argues that, pursuant to K.S.A. 44-557(c), the State's failure to file an accident report until December 2, 2008,

extended his deadline for filing his written claim to 1 year from the date of the last medical treatment authorized by his employer. As a result, Nilges asserts that his written claim filed on June 25, 2009, was timely.

Nilges' argument requires the interpretation of multiple statutes under the Workers Compensation Act (Act). An appellate court has unlimited review of questions involving the interpretation or construction of such statutes, owing no significant deference to the Board's interpretation or construction. *Fort Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs*, 290 Kan. 446, 457, 228 P.3d 403 (2010).

We will begin by reviewing important statutory deadlines applicable to filing claims for compensation under the Act. K.S.A. 44-520 generally provides that an employee must give notice of any accident to the employer, stating the time and place of the accident, and the name and address of the person injured, within 10 days after the date of the accident. However, actual knowledge of the accident by the employer or the employer's duly authorized agent shall render the giving of such notice unnecessary. Here, there is no question that Nilges timely notified his supervisor of his accident on April 21, 2008.

K.S.A. 44-520a generally provides that no proceedings for compensation shall be maintained under the Act unless a written claim for compensation is served upon the employer within 200 days after the date of the accident. Here, Nilges served his written claim for compensation on July 6, 2009, which was more than 200 days after the date of his accident.

Under certain circumstances, the time period for serving a written claim upon the employer may be extended. K.S.A. 44-557 states in relevant part:

"(a) It is hereby made the duty of every employer to make or cause to be made a report to the director of any accident, or claimed or alleged accident, to any employee which occurs in the course of the employee's employment and of which the employer or the employer's supervisor has knowledge, which report shall be made upon a form to be prepared by the director, within 28 days, after the receipt of such knowledge, if the personal injuries which are sustained by such accidents, are sufficient wholly or partially to incapacitate the person injured from labor or

service for more than the remainder of the day, shift or turn on which such injuries were sustained.

. . . .

"(c) No limitation of time in the workers compensation act shall begin to run unless a report of the accident *as provided in this section* has been filed at the office of the director if the injured employee has given notice of accident as provided in K.S.A. 44-520 and amendments thereto, except that any proceeding for compensation for any such injury or death, where report of the accident has not been filed, must be commenced by serving upon the employer a written claim pursuant to K.S.A. 44-520a and amendments thereto within one year from the date of the accident, suspension of payment of disability compensation, the date of the last medical treatment authorized by the employer, or the death of such employee referred to in K.S.A. 44-520a and amendments thereto." (Emphasis added.)

Under K.S.A. 44-557(a), an employer is required to file an accident report with the Director of Workers Compensation within 28 days of receiving notice of a work-related accident, provided the injuries "are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such injuries were sustained." Such accident report is significant because the report triggers a notice from the director to the injured employee of the employee's rights under the Act, including notice that the employee has 200 days from the date of the accident to file a written claim for compensation.

Under K.S.A. 44-557(c), no limitation of time under the Act shall begin to run unless a report of the accident as provided in K.S.A. 44-557(a) has been filed at the office of the Director, assuming the employee has given proper notice of the accident, except that any proceeding for compensation where an accident report has not been filed must be commenced within 1 year from the date of the accident, suspension of payment of disability compensation, the date of the last medical treatment authorized by the employer, or the death of the employee. Stated differently, if an employer has notice of an employee's work-related accident and fails to file an accident report as provided in K.S.A. 44-557(a), the time limitation for the employee to file a written claim for compensation is extended beyond the usual deadline of 200 days after the date of the accident.

Here, it is undisputed that Nilges did not file his written claim for compensation until June 25, 2009, well over 200 days after the April 21, 2008, accident but shortly after his last authorized medical treatment. Therefore, the timeliness of Nilges' claim turns on whether he was entitled to the extended filing period under K.S.A. 44-557(c). The Board found that the State was unaware that Nilges' injuries were sufficient wholly or partially to incapacitate him from labor or service for more than the remainder of the day, shift, or turn on which the injuries were sustained. Accordingly, the Board found that the State was not required to file an accident report when Nilges initially notified Brandt of the accident on April 21, 2008. Instead, the Board found that the State was not required to file an accident report until it did so on December 2, 2008, which was already more than 200 days after the accident. Because the State was not required to file an accident report when Nilges initially gave notice of the accident, the Board determined the State's failure to do so did not extend the deadline for Nilges to file a written claim for compensation.

Nilges argues that the only prerequisites for the extension of the filing deadline under K.S.A. 44-557(c) are that (1) the injured employee has given notice of the accident to his employer and (2) the employer has not filed a report of the accident. According to Nilges, it is irrelevant whether the accident report was required to be filed according to K.S.A. 44-557(a) or whether the employer simply chose not to file any report. On the other hand, the State argues that the Board's interpretation of K.S.A. 44-557 was correct. The State acknowledges that it did not file an accident report when Nilges first notified Brandt of his injury. However, based on findings made by the Board, the State was not required to file an accident report within 28 days after receiving notice of Nilges' injury, pursuant to K.S.A. 44-557(a). Because the State was not initially required to file an accident report, the State argues that its failure to do so did not extend the deadline for Nilges to file his written claim for compensation.

This issue has been squarely addressed by the Kansas Supreme Court in *Ricker v. Yellow Transit Freight Lines, Inc.*, 191 Kan. 151, 379 P.2d 279 (1963). In *Ricker*, the employee reported a work-

related accident to his supervisor within 7 days of its occurrence on May 13, 1960. The employee did not miss any work because of the accident. He was given temporary release from his employment in August 1960 for unrelated surgery but did not return to work thereafter. On May 3, 1961, the employee filed a written claim for compensation. Two days later, the employer filed an accident report. 191 Kan. at 152. The only issue before the court was whether the employee filed a timely claim for compensation. The employer argued that the claim was not timely filed under the provisions of G.S. 1949, 44-520a (1961 Supp.), which set forth a filing deadline of 180 days after the date of the accident, and G.S. 1949, 44-557 (1961 Supp.), which extended the deadline in cases where no accident report was filed. The relevant provisions of G.S. 1949, 44-557 (1961 Supp.) are materially the same as the present K.S.A. 44-557. Specifically, the employer argued that it had no duty to file an accident report because the employee's injuries were not "sufficient wholly or partially to incapacitate [him] from labor or service for more than the remainder of the day, shift or turn on which such accidental injury was sustained." 191 Kan. at 154. In other words, the employer argued, as the State does here, that the extended filing deadline is only applicable where the employer fails to file a *required* accident report.

The *Ricker* court rejected the employer's argument:

"We cannot agree with the foregoing contention. The appellants rely on the first proviso of G.S. 1961 Supp., 44-557, but ignore the first of the two provisos that were added to that section in 1957. The first proviso so added must be given effect. It provides:

'That no limitation of time in this act provided shall begin to run unless a report of the accident *as hereinbefore provided* has been filed at the office of the Kansas workmen's compensation commissioner if the injured workman shall have given his notice of injury as provided by section 44-520 of the General Statutes of 1949: . . .'

"Knowledge of the accident by the employer or his duly authorized agent, or notice to the employer within ten days of the accident is all that is required by G.S. 1949, 44-520. When the employer or his agent has knowledge of the accident all limitations in the act are suspended if the employer fails to file a report of the accident as provided for in G.S. 1961 Supp., 44-557." (Emphasis added.) 191 Kan. at 154-55.

The *Ricker* court acknowledged that an employer is not required to file an accident report unless the employee's injuries are sufficient wholly or partially to incapacitate the employee for more than the remainder of the day, shift, or turn on which the injuries were sustained. Nevertheless, the *Ricker* court determined that if the employer has notice of an accident and chooses not to file an accident report, then the time limitation for filing a written claim for compensation is extended under the provisions of K.S.A. 44-557. See also *Almendarez v. Wilson & Co.*, 188 Kan. 303, 304-05, 362 P.2d 1 (1961) (employee allowed 1 year from the date of accident to file written claim for compensation where it was shown employer had notice of the injury and failed to file accident report, even when accident report was not required); *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 735-36, 347 P.2d 235 (1959) (same result).

The State argues that the *Ricker* court did not address the meaning of the phrase "as hereinbefore provided" (now "as provided in this section") in K.S.A. 44-557(c), which it contends refers to reports that are *required* to be filed under K.S.A. 44-557(a). According to the State, if the filing of a report is not mandatory under K.S.A. 44-557(a), the failure of an employer to file a report cannot trigger the extended deadline under K.S.A. 44-557(c). The State urges this court to follow our court's decision in *Poff v. IBP, Inc.*, 33 Kan. App. 2d 700, 106 P.3d 1152 (2005). In *Poff*, an employee appealed from the Board's decision that his claim for work-related hearing loss was untimely. The employee had requested that a hearing examination be performed by the employer's medical staff, and the examination indicated some hearing loss that the employee believed to be work related. However, the employee failed to give his employer timely notice of the claimed injury pursuant to K.S.A. 44-520. Moreover, the employee failed to file a written claim for compensation for the hearing loss until more than 200 days after he had terminated his employment. On appeal, the employee argued that the time limitation for filing a written claim for compensation had been extended because the employer never filed an accident report. The *Poff* court rejected the employee's argument:

"Poff attempts to extend the time limitation for providing a written claim for compensation to 1 year because of IBP's failure to file an accident report with the Director pursuant to K.S.A. 44-557. K.S.A. 44-557(a) requires every employer to report any accident 'if the personal injuries which are sustained by such accidents, are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such injuries were sustained.'

". . . We find the Board properly interpreted K.S.A. 44-557(a) to require incapacitation before the time for filing is extended to 1 year pursuant to K.S.A. 44-557(c). Poff never missed work because of the alleged hearing loss, and IBP was not required to file an accident report. Consequently, the time limitation was not extended pursuant to K.S.A. 44-557(c)." 33 Kan. App. 2d at 708.

The facts of *Poff* are distinguishable from the facts herein in one important respect. Here, there is no question that Nilges timely notified his supervisor of his accident on April 21, 2008. In *Poff*, the Board found that the employee failed to give the employer timely notice of his injury pursuant to K.S.A. 44-520. An employee is only entitled to an extended filing deadline under K.S.A. 44-557(c) "if the injured employee has given notice of accident as provided in K.S.A. 44-520." Because the employee in *Poff* failed to give his employer timely notice of his claimed injury pursuant to K.S.A. 44-520, the employee was not entitled to an extended deadline to file his written claim for compensation. *Poff* provides no support for the State's position herein.

We are hard pressed to distinguish Nilges' case from the facts in *Ricker*. Also, the statutory language of K.S.A. 44-557 has not changed in any material respect since *Ricker* was decided. The *Ricker* court stated that as long as the employer has notice of the accident, "all [time] limitations in the act are suspended if the employer fails to file a report of the accident as provided for in G.S. 1961 Supp., 44-557." 191 Kan. at 155. The *Ricker* court expressly rejected the State's argument herein that the time limitation for filing a written claim for compensation is only extended when an employer fails to file a *required* accident report.

The State reminds us that the Kansas Supreme Court is emphatic in holding that our statutes are to be applied as written. Moreover, a recent Supreme Court case has reaffirmed the principle, in the context of interpreting a workers compensation statute,

that precedent will not stand where rules were originally erroneous or are no longer sound. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 610, 214 P.3d 676 (2009). The State argues that the *Ricker* court's interpretation of K.S.A. 44-557 is contrary to the plain language of the statute.

We disagree. K.S.A. 44-557(c) provides that if an employer has notice of an employee's work-related accident and fails to file an accident report as provided in K.S.A. 44-557(a), the time limitation for the employee to file a written claim for compensation is extended beyond the usual deadline of 200 days after the date of the accident. Just because K.S.A. 44-557(c) makes reference to the accident report as provided in K.S.A. 44-557(a), this does not mean that the time limitation for filing a written claim for compensation is only extended when an employer fails to file a *required* accident report. If the State's interpretation of K.S.A. 44-557 was truly intended by the legislature, the statute could have been drafted more clearly to accomplish this result. For instance, in referring in K.S.A. 44-557(c) to the suspension of time limitations resulting from the employer's failure to file the report of an accident, the legislature could have changed the language from *as provided in this section* to *as required by this section*. If such language had been employed by the legislature, K.S.A. 44-557(c) could reasonably be interpreted to mean that the time limitation for filing a written claim for compensation is only extended when an employer fails to file a required accident report.

Furthermore, Nilges' interpretation of the statute has a certain pragmatic appeal. The reason for the extension of time for filing the claim as provided in K.S.A. 44-557(c) is that if the employer gives notice of an accident to the Director of Workers Compensation, the Director will then mail material to the employee advising the employee of his or her rights under the Act, including the deadline to file a written claim for compensation. If no accident report is filed by the employer, the employee may never learn of his or her rights under the Act. *Almendarez*, 188 Kan. at 305. This notification process might be defeated in some cases if the time limitation for filing a written claim is only extended when an employer fails to file a *required* accident report.

In any event, the Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *Tyler v. Goodyear Tire & Rubber Co.*, 43 Kan. App. 2d 386, 391, 224 P.3d 1197 (2010). We have no indication that the Kansas Supreme Court is departing from its precedent in *Ricker*. Based on this controlling precedent, we conclude the Board erred in finding that Nilges failed to timely file a written claim for compensation. Accordingly, the case is remanded to the Board to address the merits of the remaining issues.

Reversed and remanded.