No. 43,635

GLENN ASP, *Appellant*, v. MCPHERSON COUNTY HIGHWAY DEPART-
MENT and EMPLOYERS MUTUAL CASUALTY COMPANY, *Appellees*.

(388 P. 2d 652)

Opinion filed
January 25, 1964.

*Jack O. Bowker,* of McPherson, argued the cause and was on the briefs for
the appellant.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner,*
of Great Bend, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by the claimant in a workmen's com-
pensation case. An award of compensation entered for claimant
by the examiner against the respondent and its insurance carrier
was reversed by the director and an appeal taken to the district
court. This appeal is from the judgment of the district court affirm-
ing the order of the director denying the award to claimant as well
as from all other findings, rulings, and orders of the court.

Claimant was injured on August 12, 1960, while working with
his foreman, Clifton Stout, on a bridge construction job for the
McPherson County Highway Department. Claimant and Stout
were carrying a water pump weighing about 175 pounds when
claimant slipped and fell. He told Stout he had hurt his back.
Several days later the two men discussed the condition of claimant's
back and claimant told Stout that Doctor Dyck, his regular family
doctor, thought it was not an injury but an illness. Together the
two men decided no accident report should be filed. Claimant

had understood from his own reading of respondent's work rules that report of the accident had to be made to respondent, the county highway department, within seven days. Claimant tried to work from time to time but on September 10, 1960, he had to quit his work entirely because of pain in his back. He went to Doctor Rombold in Wichita in April, 1961. He was unable to work because of a pinched nerve in his back which caused pain across his back and down his leg. He wanted to have surgery on his back to correct his difficulty.

No report of the accident was made until February 5, 1962, when claimant, at the suggestion of his attorney, requested Stout, his foreman, to sign an accident report and also that he, claimant, be allowed to file the report.

The parties stipulated that on August 12, 1960, claimant had sustained personal injury by accident arising out of and in the course of employment, that the accident report was mailed by claimant and was filed with the director on February 7, 1962, and that written claim was made on April 3, 1962.

In making his award in favor of claimant, the examiner summarized the testimony of the witnesses in pertinent part as follows:

Clifton Stout, a witness for claimant, testified he was employed by the respondent as a foreman. On August 12, 1960, he and claimant were working on a bridge and while they were carrying a pump, claimant slipped and fell. He noticed thereafter that claimant did not work as he had before, he did not walk erect and moved around differently. The reason he had not filed an accident report after the occurrence on August 12, 1960, was that claimant had told him Doctor Dyck had said his illness was not caused by an accident. He had not known claimant had been "doctoring" with Doctor Dyck because of a back difficulty prior to August 12, 1960. The two men agreed no accident report would be filed. After the first of the year in 1962 claimant and his attorney brought an accident report already made out and asked Stout to read it and see if he thought it was correct. He knew this was not the regular procedure because he did not actually prepare accident reports himself. The procedure was that Stout turned the accident in to the shop foreman, or shop clerk, and that person filled out the accident report. However, Stout thought the report was in order and he signed it. He did not mail the report but assumed claimant was going to do so.

Francis Rankin testified he had been county engineer for respondent since February 1, 1962, and that the procedure of his office concerning compensation reports had been the same as long as he had been in the office. The foreman reported the accident to the shop clerk, who made out a rough draft which was turned in to the county engineer's office, typed, and then signed by him. He was the only one with authority to file accident reports. The first he knew of claimant's injury was a letter he received from the compensation director after the accident report had been filed. The accident report had not been cleared through him nor had he given any foreman authority to sign and file reports.

Ruth Baker, a stenographer and bookkeeper for the county engineer, stated she had been so employed on August 12, 1960, but that she had known nothing of claimant's alleged accident until after the first of the year in 1962. Her testimony on the procedure for filing accident reports was substantially the same as that of the county engineer, as was also the testimony of several other witnesses called by the respondent.

The examiner allowed an award to claimant for temporary total disability, the details of which are not here material. In his findings the examiner stated the chief question was whether the written claim had been made within the statutory period. He held that the provision of G. S. 1961 Supp., 44-557, requiring that where a report of accident has not been filed with the director, claimant must commence his action within one year, applied only when an accident report had never been filed, and he further held that 44-557, requiring the filing of a claim and commencing of an action, was tolled as to claimant until the accident report of February 7, 1962, was filed, and, therefore, his written claim filed on April 3, 1962, was within the statutory period of 180 days.

On review the compensation director on November 20, 1962, found that the accident report was properly filed but that it was filed *after the time* during which the statute requires the report to be filed. As to the effect of the late filing of the report, the director in his opinion in pertinent part stated:

"The statutes applicable appear to be G. S. 1961 Supp., 44-520a and 44-557. Among other things, said Section 44-520a provides that a claim for compensation must be served upon the employer within 180 days after the accident, or in cases where compensation payments have been suspended, within 180 days after the date of the last payment of compensation. The provisions of 44-520a are modified somewhat by the provisions of 44-557 particularly the

last proviso which states that any proceedings for compensation where a report of accident has not been filed, must be commenced before the Director within one year from the date of the accident, suspension of payment of compensation or death of the workman. The Director is of the opinion that the longest period of time during which a claimant may file a claim for compensation is one year following the date of accident or one year following the last payment of compensation, and that this is possible only in those cases where the employer fails to file an accident report as required by said Section 44-557. In making this decision, the Director is not unmindful of the arguments of the Examiner and counsel for claimant, wherein they point out a proviso in said Section 44-557 which states that no limitation of time in this Act provided shall begin to run unless a report of the accident as therein provided has been filed at the office of the Kansas Workmen's Compensation Director if the injured workman shall have given his notice of injury as provided by Section 44-520.

"In the instant case, the facts clearly show that approximately 18 months had elapsed after the accident before an accident report was filed and approximately the same amount of time had elapsed since the last payment of compensation in the form of medical treatment had been made to the claimant. Claimant did file his claim for compensation within 180 days after the accident report had been filed. It is the Director's opinion, however, that when a period of one year had elapsed after the date of accident or after the last payment of compensation and claimant had not at that time filed a claim for compensation, that his right to file such claim and take advantage of the provisions of the Workmen's Compensation Act had elapsed and that the subsequent filing of an accident report by the employer or its foreman did not revive the claimant's cause of action under the Act."

The director ordered the award reversed except that part relating to costs which were assessed against the respondent and its insurance carrier.

Claimant thereafter appealed to the district court from the director's order, and the district court in its journal entry of judgment dated March 30, 1963, adopted the findings of fact and conclusions of law included in the director's opinion and affirmed his order assessing the costs against the respondent and insurance carrier. This appeal followed.

Claimant contends the trial court erred (1) in failing to hold the statute of limitations was tolled by the constructive fraud of the employer and (2) in holding that claimant did not commence his action for compensation within the times specified by G. S. 1961 Supp., 44-557 and 44-520a.

Claimant bases his argument on his first contention of constructive fraud of the employer on the following provisions of respondent's work rules:

"All employees are covered by Workmen's Compensation while on county time or to and from county jobs in county equipment and must report all accidents to their foremen, shop clerk or the County Engineer's Office. *This report must be made immediately after the accident and in no case later than seven (7) days or employee will relinquish all rights to claim for damages.*

. . . . . . . . . . . .

"In case of accident, employees must be taken to the doctor for treatment and *accident report filed with the insurer immediately.*"

We find no evidence that claimant failed to file a claim because of the above rules but there was evidence to the effect that he and the foreman, who was with him when the accident occurred and therefore had constructive notice thereof, had "together" decided that no accident report should be filed; that after Doctor Dyck X-rayed claimant and said there was no injury he "did not figure" he had any proof of an injury and, therefore, he did not want to make a report. Doctor Dyck said it was sciatica and that was "partly why he did not do anything about filing a claim." He had been treated by Doctor Dyck for neuritis for two or three years prior to August 12, 1960.

On April 28, 1961, Doctor Charles Rombold, an orthopedic surgeon, examined claimant and found there had been a narrowing of the intervertebral disc but it was his opinion this had preceded August 12, 1960, although an accident such as claimant described as happening on August 12, 1960, could very well have aggravated the previous existing condition in his back.

Claimant, among other cases, relies on *Cramer v. Railways Co.,* 112 Kan. 298, 211 Pac. 118, in support of his first contention but examination thereof indicates a different situation. A release obtained from an injured workman was set aside on the ground of fraud because of misrepresentation of the amount the workman was entitled to recover, but in our case we can find no evidence of any such misrepresentation. The evidence, as already set out herein, is that claimant and the foreman "together" decided no accident report should be filed. Neither the county engineer nor the foreman had told claimant he had to report the accident within seven days. He had read this in respondent's rules and regulations. Both the compensation director and the district court refused to make a finding of constructive fraud. Our responsibility is to review the record to determine whether there is substantial competent evidence to support the trial court's judgment and if it is so found, the judgment will be affirmed. From the record before us, we can only

conclude claimant has failed to show constructive fraud on the part of the respondent.

Claimant's second contention is that his action was commenced within the time provided by statute. The record clearly discloses the accident, of which the foreman had notice, occurred on August 12, 1960, and that eighteen months later on February 7, 1962, an accident report, signed by respondent's foreman who had not been authorized so to do, was filed by claimant. On April 3, 1962, twenty months after the accident, a compensation proceeding was commenced. How does this procedure compare with the statutory requirements appropriate under the circumstances?

It is elementary that the workmen's compensation act requires notice of an accident to be given to the employer within ten days but that knowledge of the accident by the employer, or his duly-authorized agent, shall render the giving of such notice unnecessary. (G. S. 1949, 44-520.) It is undisputed that Stout, the foreman, had actual knowledge of the accident at the time it occurred.

Respondent had a set procedure for reporting accidents, which was testified to by the foreman, the stenographer in the county engineer's office, the county engineer, and the county commissioners to the effect that only the county engineer had authority to sign such reports. The record reflects this procedure was not followed, but that the foreman signed the accident report that was filed on February 7, 1962.

Pertinent statutory provisions of 1961 Supp. are:

"44-520a. (1) No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered or certified mail within one hundred eighty (180) days after the accident, or in cases where compensation payments have been suspended within one hundred eighty (180) days after the date of the last payment of compensation. . . ."

"44-557. It is hereby made the duty of every employer including employers electing not to come under this act, to make or cause to be made a report to the commissioner of any accident, or claimed or alleged accident, to any employee which occurs in the course of his employment and of which the employer or his foreman has knowledge, within seven (7) days, after the receipt of such knowledge . . . *Provided further*, That no limitation of time in this act provided shall begin to run unless a report of the accident as hereinbefore provided has been filed at the office of the Kansas workmen's compensation commissioner if the injured workman shall have given his notice of injury as provided by section 44-520 of the General Statutes of 1949: *Provided,*

*however,* That any proceeding for compensation for any such injury or death, where report of accident has not been filed, must be commenced before the commissioner within one year from the date of the accident . . . of such employee. . . ."

Construing together the above provisions of the statutes (1) that written claim must be filed within 180 days after the accident (2) that every employer has the duty to report an accident to the commissioner (now director) within seven days (3) no limitation of the act shall begin to run unless a report of such accident has been filed with the director and (4) where report has not been so filed, any proceeding for compensation must be commenced within one year from the date of the accident, it becomes obvious from this record that the accident report, whether filed correctly or not, was filed too late to be within the time required under either 44-520a or 44-557 because, in any event, the time could not have been extended beyond one year.

Our court has written numerous opinions on the proper procedure to be followed in filing compensation claims. Included in a recent opinion by Chief Justice Parker (*Ricker v. Yellow Transit Freight Lines, Inc.,* 191 Kan. 151, 379 P. 2d 279) was a comprehensive statement of the history of the proper procedure to be followed in compensation cases under varying circumstances. (See cases cited therein.) The claimant in the Ricker case, as here, contended there had been a timely commencement of his compensation proceeding with the director. Claimant had sustained an injury to his back on May 13, 1960, and he had given this information to his employer within about seven days. He had not made written demand for compensation on his employer until May 3, 1961, and on May 5, 1961, the director received the employer's accident report. Application for hearing was subsequently filed on June 9, 1961. An award of compensation was made by the director in that case on the basis that the demand for compensation was within time and the district court sustained the award. In affirming the judgment, this court stated:

"G. S. 1961 Supp., 44-520a, is not mentioned as a notice requirement in G. S. 1961 Supp., 44-557. It is therefore one of the limitations of time, in the act, which does not begin to run unless the employer files a report of the accident at the office of the workmen's compensation director.

"The employer having failed to file the report of the accident, there was no time limit in which the claimant (employee) must serve written claim for compensation on it, *except as necessary to commence proceedings for com-*

*pension before the Workmen's Compensation Director within one year."* (p. 155.) (Our emphasis.)

It is to be noted that in the Ricker case the judgment of the court was based on the premise the claimant *had filed his claim within one year* whereas in the instant case claimant had wholly failed to file it until long after that time. Our conclusion must, therefore, be that when claimant's accident report was not filed within one year from the date of the accident, or by August 12, 1961, his rights to compensation expired and the trial court did not err in its order affirming the order of the compensation director denying compensation.

We have examined other authorities cited by the parties in support of their contentions but on the basis of the record before us, we think it unnecessary to extend this opinion by exhaustive discussion.

The judgment is affirmed.

JACKSON, J., not participating.