(590 P.2d 1093)

No. 49,949

Ben S. Childress, Jr., Deceased, DOROTHEA CHILDRESS, *Appellee,*
v. CHILDRESS PAINTING COMPANY and UNITED STATES FIDELITY &
GUARANTY CO., *Appellants.*

Opinion filed February 23, 1979.

*J. Eugene Balloun* and *L. Franklin Taylor* of Payne & Jones, Chartered, of
Olathe, for the appellants.

*David R. Hills* and *Robert W. Harris* of Harris & Hills, of Kansas City, for the
appellees.

Before REES, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This appeal involves a workmen's compensation
claim made by the widow of Ben S. Childress, Jr. The respon-
dent, Childress Painting Company, and its insurance carrier,
United States Fidelity & Guaranty Co., appeal the trial court's
determination that the claim was not barred by the three year
statute of limitations established by K.S.A. 1978 Supp. 44-534.

At the outset it should be noted that the statute embodying the
three year limitation which was in effect on the date of the
accident was K.S.A. 1973 Supp. 44-510e. The amended work-
men's compensation act became effective July 1, 1974. Under the
current version of the act, the three year limitation is found at
K.S.A. 1978 Supp. 44-534. Since it does not vary in any signifi-
cant respect (for purposes of this appeal) from the former statute,
the current statutes will be referred to for convenience and clarity
in this opinion.

Mrs. Childress and her husband were both employed by Chil-
dress Painting Company, a corporation formed and principally
owned by their son. On March 27, 1974, Mr. Childress died of a
stroke which Mrs. Childress contends was occasioned by the
stress created by his job.

Childress Painting Company is a Missouri corporation, but the
job on which Mr. Childress was working was in Kansas. All

parties agree that Missouri and Kansas have concurrent jurisdiction.

On June 13, 1974, the employer filed its accident report with the director of workmen's compensation in Kansas. The report was undeniably filed after the twenty-eight day period established by K.S.A. 1978 Supp. 44-557 for filing such a report. On July 31, 1974, the claimant filed her Kansas claim for compensation with the employer. It was clearly filed within one year of the date of death, as required by K.S.A. 1978 Supp. 44-520a. However, the claimant did not file an application for a hearing with the director of workmen's compensation until June 30, 1977. K.S.A. 1978 Supp. 44-534 requires that this application be filed within three years of the date of the accident. Her request was therefore filed approximately two months too late.

The appellants filed a motion to dismiss, contending that the claim was barred by her failure to apply for a hearing within three years. The examiner accepted the argument. The director modified the ruling, holding that the three year limitation would bar her action unless the Missouri action were dismissed, in which case the statute of limitations would be tolled by K.S.A. 1978 Supp. 44-520a. The director's decision was appealed to district court. The district court judge held that her claim was not barred, because K.S.A. 1978 Supp. 44-557 eliminates all time limitations where no accident report is filed within twenty-eight days. The appellants appeal that ruling.

The issue on appeal is a very narrow one. The workmen's compensation act establishes several time limitations on the parties. First, K.S.A. 1978 Supp. 44-520 requires that an injured person give notice of the accident to his employer within ten days of the date of the accident, or he cannot maintain a workmen's compensation claim. It is not necessary to give notice if the employer has actual notice of the injury. The employer in this case (the decedent's son) without question had actual notice of the death.

The second time limitation is found at K.S.A. 1978 Supp. 44-520a. It requires a claimant to serve a claim for compensation on the employer within 200 days after the date of injury or within one year after the date of death. Subsection (b) of 520a provides that this statute of limitations is tolled if the claimant has filed a non-workmen's compensation case within 200 days and recovery

in that case is denied, whether the other suit be at law, in admiralty, under the federal employers' liability acts, or under the workmen's compensation laws of another state.

K.S.A. 1978 Supp. 44-534 requires that when the parties cannot come to an agreement regarding the compensation due, they may file an application for a hearing with the director. The application for a hearing must be filed within three years of the date of the accident, or the action is not maintainable. Either the claimant, the employer, or the insurance carrier may file the application.

K.S.A. 1978 Supp. 44-557 requires that the employer file an accident report with the director within twenty-eight days of receiving notice of the accident. If he fails to file the accident report within twenty-eight days, subsection (c) provides that no time limitations in the workmen's compensation act begin to run. A proviso establishes a special statute of limitations for this situation: the proceeding must be commenced within one year of the date of the accident or death.

Because the appeal is a matter of statutory interpretation, both pertinent statutes are set out below in part:

"(b) No proceeding for compensation shall be maintained under the workmen's compensation act unless an application for a hearing is on file in the office of the director within three (3) years of the date of the accident or within two (2) years of the date of the last payment of compensation, whichever is later." (K.S.A. 1978 Supp. 44-534.)

"(a) It is hereby made the duty of every employer to make or cause to be made a report to the director of any accident, or claimed or alleged accident, to any employee which occurs in the course of his employment and of which the employer or his foreman has knowledge, which report shall be made upon a form to be prepared by the director, within twenty-eight (28) days, after the receipt of such knowledge: *Provided,* That the personal injuries which are sustained by such accidents, are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which such injuries were sustained.

. . . .

"(c) No limitation of time in the workmen's compensation act shall begin to run unless a report of the accident as provided in this section has been filed at the office of the director if the injured workman shall have given his notice of accident as provided by K.S.A. 44-520, as amended: *Provided,* That any proceeding for compensation for any such injury or death, where report of the accident has not been filed, must be commenced before the director within one (1) year from the date of the accident, suspension of payment of disability compensation, the date of the last medical treatment authorized by the employer, or the death of such employee referred to in K.S.A. 44-520a, as amended.

"(d) The knowing failure of any employer or workmen's compensation insur-

ance carrier to file or cause to be filed any report required by this section shall be subject to a civil penalty for each violation of not to exceed two hundred fifty dollars ($250)." (K.S.A. 1978 Supp. 44-557.)

Basically, the appellants' contention is that K.S.A. 1978 Supp. 44-557 does not have the effect of entirely eliminating the three year statute of limitations of K.S.A. 1978 Supp. 44-534; rather, they urge this court to interpret the statute to mean that the three year statute of limitations is tolled *until* the employer files his notice of the accident. They argue that the claimant had three years to file her application after the employer filed his accident report on June 13, 1974.

Examination of case law reveals that this precise point has never been decided by a Kansas court.

In *Ricker v. Yellow Transit Freight Lines, Inc.*, 191 Kan. 151, 379 P.2d 279 (1963), the court considered the meaning of the phrase "commenced before the director." There, the employer did not file its accident report within the time required by K.S.A. 1961 Supp. 44-557 (then seven days). The claimant served his written demand for compensation on the employer within the special one year period established by section 44-557, but did not file an application for hearing with the director within that one year period. The employer argued that the proviso to 44-557 made it incumbent on an employee to both serve his notice of claim on the employer and file his request for a hearing within the one year period. The court rejected this theory, stating:

"Where a written claim has been previously served on the employer, the application is nothing more than a request for a hearing. A request for a hearing follows a pending proceeding. The proceeding is commenced when the employee serves written claim upon the employer for compensation and the employer is required by statutory fiat to file a report with the Workmen's Compensation Director. A proceeding for workmen's compensation is invoked when the employee serves notice upon his employer of his claim for compensation." p. 158.

*Ricker* clarifies one point in the case at hand: the claimant's proceeding for compensation was commenced before the director on July 31, 1974, when she filed her claim for compensation on the employer, well within the special one year limitation established by section 44-557. The *Ricker* rule that a proceeding is commenced before the director upon service of the claim for compensation on the employer has been recently affirmed in *Ours v. Lackey*, 213 Kan. 72, 79, 515 P.2d 1071 (1973).

The purpose of the section 44-557 time extension is discussed

in *Almendarez v. Wilson & Co.,* 188 Kan. 303, 362 P.2d 1 (1961), where it is said:

"The reason for the extension of the time for filing of the claim as provided in G.S. 1959 Supp. 44-557 is that if the employer gives notice to the workmen's compensation commissioner of an accident, the commissioner will then mail material to the employee advising him of his rights under the workmen's compensation act. If no notice to the commission is given by the employer, the employee may never learn of his rights under the act." p. 305.

The appellants argue that the purpose of section 44-557, as stated in *Almendarez* (188 Kan. at 305), is satisfied by extending the time for making the claim. If the purpose is to allow the director to notify the claimant of his or her rights, it would be necessary to lengthen the time in which a claimant could file a claim, but it would not seem necessary to lengthen the time to request a hearing. The appellants assert that the negative implication of the statutory language "[n]o limitation of time . . . *shall begin to run* unless a report of the accident . . . has been filed" (K.S.A. 1978 Supp. 44-557, emphasis added) is that, once the report is filed, the limitations do begin to run. They offer no explanation, however, of why the legislature chose to use "unless" rather than "until," if "until" is what the legislature meant.

The appellants urge this court to adopt their position as a matter of policy. They argue that an employer should not be subjected to the possibility that a claimant could wait many years before applying for a hearing to finally settle the matter. The force of this argument is much diminished by the fact that the employer and the insurance carrier, as well as the employee, are entitled to file a request for a hearing under K.S.A. 1978 Supp. 44-534. Thus, once the claimant has served notice of his claim to compensation, the employer and insurer can protect themselves from stale claims by filing an application for a hearing.

The most compelling reasons for not adopting the appellants' position are found in the language of the statute itself. The statute provides: *"No limitation* of time in the workmen's compensation act shall begin to run *unless* a report of the accident *as provided in this section* has been filed" (K.S.A. 1978 Supp. 44-557[c], emphasis added). We first note that the explicit language of the statute states that no limitations begin to run. K.S.A. 1978 Supp. 44-534 is clearly a limitation of time. Since the legislature could easily have excluded section 44-534 from the operation of section

44-557(c) but did not do so, we must presume that it did not intend to exclude it. We next note that the legislature chose to use the word "unless" rather than "until." Webster's New Collegiate Dictionary (1976) defines "unless" as "except on the condition that" or "under any other circumstance than" (p. 1280). "Until" is defined as "up to the time that" (p. 1284). Clearly, there is a significant difference between saying: "No limitation . . . shall begin to. run except on the condition that a report . . . has been filed" and saying: "No limitation . . . shall begin to run up to the time that a report . . . has been filed." The first creates an absolute condition upon the running of limitations, whereas the second merely suspends the running until the happening of a certain event. Finally, the language "a report . . . as provided in this section" is significant. The employer is clearly required to do two things: he must file a report, and he must file it in accordance with the statutory provisions (*i.e.*, within twenty-eight days after receiving notice of the accident).

Application of the maxim of statutory construction *expressio unius est exclusio alterius* indicates that the appellants' contention should be rejected. The statute broadly abolishes all time limitations when the employer fails to file his accident report within twenty-eight days of being notified of the accident. Then in a special proviso, it establishes a new time limitation within which the claimant must commence the proceedings by giving notice of his claim for compensation. Since the legislature only chose to establish one new time limitation, we must presume that it did not intend to establish any others. Therefore, all time limitations on the parties except the one established by the proviso must be presumed to have been abolished.

We finally note that our decision is in accordance with the rule that the workmen's compensation act is to be liberally construed in favor of the workman. *Ours v. Lackey,* 213 Kan. at 79.

Judgment is affirmed.

REES, J.: I dissent. By way of introduction, I will briefly express my general understanding of the purpose of our Workmen's Compensation Act and how that purpose is implemented. In simple terms, workmen's compensation is a self-enacting insurance plan paid for by the employer whereby injured workers are paid benefits for work-related accidents. It is fair to view it as

a first party insurance plan. A state administrative agency, headed by the Workmen's Compensation Director, is charged with the responsibility of administering the plan. That agency supervises workmen's compensation claims. It also adjudicates disputes concerning eligibility for benefits and extent of disability. Agency decisions may be appealed for review by the courts. Despite the state role, workmen's compensation is to an important degree a privately administered and funded program. The Workmen's Compensation Act provides that each employer shall compensate disabled workers by a certain formula of benefits. In practice, the employer usually makes private insurance arrangements to meet his statutory obligations through contracts with insurance companies. An individual employer's insurance carrier steps into the employer's shoes and is directly liable to the employer's injured workers.

The first problem I have with the case at hand concerns the question of appellate jurisdiction, a matter not dealt with in the majority opinion. K.S.A. 1978 Supp. 44-556(c) provides that "[a]ny party to the [compensation] proceedings may appeal from any findings or order of the district court to the court of appeals on questions of law. . . . Such appeal shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within twenty (20) days after the final order of said district court . . . ."

When a workmen's compensation proceeding is the subject of a case before the district court, may an appeal from "*any* finding or order of the district court" be taken regardless of when made? I would think not. To permit this would be to sanction piecemeal appeals. The words "any party . . . may appeal from any findings or order of the district court" strike me as like the language of K.S.A. 60-2103(*i*) where it is said "[w]hen an appeal . . . has been timely perfected the fact that some ruling of which the appealing . . . party complains was made more than thirty (30) days before filing of the notice of appeal shall not prevent a review of the ruling." The first sentence of K.S.A. 1978 Supp. 44-556(c) is descriptive of what may be reviewed and is not descriptive of the nature of the district court order necessary to clothe us with jurisdiction. The latter is found in the last sentence of K.S.A. 1978 Supp. 44-556(c) which I read to say there is appellate jurisdiction only after a final order of the district court.

My limited research of Kansas law has developed no controlling precedent. This comes as no surprise because, as a practical matter, district court findings and orders in a workmen's compensation case are not ordinarily made separate from and prior to the entry of the final order.

The issue raised on appeal is whether a particular limitations defense asserted by the employer is dispositive of a deceased's dependent's claim. The employer filed a motion to dismiss on the ground that the claimant's application for hearing had not been filed within three years of the date of the accident. K.S.A. 1978 Supp. 44-534(*b*). The examiner ordered that the claimant's application for hearing be dismissed with prejudice. The substance of the district court decision was that this defense was not available because of K.S.A. 1978 Supp. 44-557(*c*). The district court order was "that the findings and conclusions of the Workers' Compensation Director are reversed, and the matter is remanded for trial on the merits." This is a "final order" from which an appeal may be taken? I wonder. Claimant has been neither denied nor granted an award. What we have before us may be in the nature of an interlocutory appeal, a procedure that I do not find available in the absence of statutory authority.

It is plausible to argue that this appeal is like an appeal in a civil action by an unsuccessful movant for pretrial dismissal because of the running of limitations. If that be true, we are without jurisdiction. However, it also is plausible to argue that the district court order in this case is final; that nothing remains undecided by the district court; that the district court case is concluded. If so, perhaps this is an appealable final order even though there is no final determination of this claimant's compensation proceeding. I am uncertain of the answer. Appellate jurisdiction was not briefed by the parties. It is not addressed by the majority. It should have been.

Aside from the question of appellate jurisdiction, there are areas in which I differ with my colleagues.

The decision of the issues addressed in the majority opinion is essentially determined by the following pertinent statutory language:

"(*a*) It is . . . the duty of every employer to make . . . a report to the director of any accident . . . to any employee . . . of which the employer has knowledge, which report shall be made . . . within twenty-eight (28) days, after the receipt of such knowledge . . . ."

. . . .
"(c) No limitation of time in the workmen's compensation act shall begin to run *unless a report of the accident as provided in this section has been filed* at the office of the director . . . ." (Emphasis supplied.) K.S.A. 1978 Supp. 44-557.

Basic to the claimant's contentions and the conclusion reached in the majority opinion, the statutory wording "unless a report of the accident as provided in this section has been filed" must be read to say "unless a report of the accident has been filed as provided in this section." How can "as provided in this section" be transposed and read to apply to, qualify or be descriptive of the twenty-eight days within which the report of accident is to be made? The quoted words of subsection (c) mean what they say: no statutory limitation of time shall begin to run unless a report of accident has been filed. (Query: Did the legislature intend to say "unless a report of the accident *is* filed"? If so, would there be a change in meaning?) The statute does not abolish time limitations when the employer fails to file a report of accident within twenty-eight days of being notified of the accident, as the majority says, it abolishes time limitations when no report of accident has been filed by the employer. There is no ambiguity. This is plain English language.

Definitions of the word "unless" are what my colleagues and Webster's and the Merriams' successors say. The word "unless" is definable as "except on the condition that" or "under any other circumstance than." Where, as in this case, the condition has been met, or the circumstance has occurred, the question is how to apply K.S.A. 1978 Supp. 44-534(*b*) which provides that no compensation proceedings shall be "maintained," not "commenced" (see the proviso clause of K.S.A. 1978 Supp. 44-557[*c*] and *Odell v. Unified School District,* 206 Kan. 752, 755, 481 P.2d 974 [1971]), unless an application for hearing has been filed within three years of the accident or within two years of the date of last payment, whichever is later.

K.S.A. 1978 Supp. 44-534(*a*) discloses that other than with regard to the furnishing of information to injured workers, or their dependents in death cases (see *Almendarez v. Wilson & Co.,* 188 Kan. 303, 305, 362 P.2d 1 [1961]), the good offices of the director and his examiners are brought into play only upon the filing of an application for hearing by an interested party. There is no "lawsuit" until the application for hearing is filed.

As noted in the majority opinion, we have no direct precedent

controlling our decision. The majority says the three-year limitation period for filing an application for hearing is eliminated by tardy filing of the report of accident. They are mistaken.

The irony of the majority decision is that although compensation may be found to be payable to this particular claimant under the principle that the Workmen's Compensation Act is to be liberally construed in favor of the worker (*Ours v. Lackey,* 213 Kan. 72, 79, 515 P.2d 1071 [1973]), the consequence of this decision is in derogation of that very principle. It is upon the filing of the report of accident that the director sends to the injured worker information concerning his rights and entitlement to compensation. If no such information is sent, the one-year limitation for the commencement of a proceeding for compensation (see the proviso clause of K.S.A. 1978 Supp. 44-557) runs against an uninformed and unadvised injured worker. The employer owes no duty to the injured worker to inform him of his rights and entitlement to compensation. He now will not be inclined to file a tardy report earlier than one year following the accident. To permit the one-year limitation to bar the rightful claims of uninformed injured workers surely must be contrary to an intent and purpose to afford compensation benefits to those who are factually entitled.

In my view, two answers to the issue raised in this appeal may be urged. The first possible answer is that K.S.A. 1978 Supp. 44-534(*b*) overrides the "no limitation of time shall begin to run" language of K.S.A. 1978 Supp. 44-557(*c*). Without assessment of their merits, it seems to me two arguments might be combined to support this answer. First, the K.S.A. 1978 Supp. 44-534(*b*) limitation was enacted at a time (L. 1968, ch. 102, § 7) when the K.S.A. 1978 Supp. 44-557(*c*) language was already in the statute (L. 1957, ch. 293, § 7); and the later enacted statute controls. The second is that because the proviso clause of K.S.A. 1978 Supp. 44-557(*c*) speaks of commencement of a proceeding, *i.e.,* initiation of a proceeding, K.S.A. 1978 Supp. 44-557(*c*) applies to limitations of time within which proceedings may be initiated. It would be argued a distinction is to be drawn because K.S.A. 1978 Supp. 44-534(*b*) says that proceedings shall not be maintained, *i.e.,* continued, and such construction achieves the result of reconciliation of seemingly conflicting statutory provisions so as to make them harmonious and sensible. See *Brinkmeyer v. City of Wichita,* 223 Kan. 393, 397, 573 P.2d 1044 (1978).

The second possible answer is that urged by the employer and insurance carrier in this case: the consequence of a tardy filing of a report of accident is the tolling of limitations, such as that expressed in K.S.A. 1978 Supp. 44-534(b), for a period of time equal to that from the date of accident to the date of the filing of the tardy report of accident. This answer would achieve a result that reconciles seemingly conflicting statutory provisions on a basis that is equitable to all parties.

In summary, I would question our jurisdiction. If we have jurisdiction, I would reverse because affirmation requires tortured incorrect reading of plain statutory language and, recognizing its proviso, K.S.A. 1978 Supp. 44-557(c) does not eliminate, for all purposes and for all time, either all limitations provided in the Act or the limitation provided by K.S.A. 1978 Supp. 44-534(b) in particular.

Lastly, a question. In the judicial review and consideration of this case before the district court and us, the director's view, which is referred to in the majority opinion, has been "lost in the shuffle." I fail to see that anyone has urged or considered it. Maybe it is correct and controls this particular proceeding.