No. 49,949

Ben S. Childress, Jr., Deceased, DOROTHEA CHILDRESS, *Appellee,*
v. CHILDRESS PAINTING COMPANY AND U. S. FIDELITY & GUARANTY
Co., *Appellants.*

(597 P.2d 637)

Opinion filed July 14, 1979.

*J. Eugene Balloun,* of Payne & Jones, Chartered, of Olathe, argued the cause,
and *L. Franklin Taylor,* of the same firm, was with him on the brief for the
appellants.

*David R. Hills,* of Harris & Hills, of Kansas City, argued the cause, and *Robert
W. Harris,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The trial court and the Court of Appeals held that
this workmen's compensation claim was not barred by the statute
of limitations. *Childress v. Childress Painting Co.,* 3 Kan. App. 2d
135, 590 P.2d 1093 (1979). We granted review. The sole issue is
whether the claim is barred by K.S.A. 1978 Supp. 44-534(*b*).

The facts are fully set forth in the majority opinion of the Court
of Appeals, and need not be restated here in detail. A workman
was accidentally killed in the course of his employment on March
27, 1974. His employer had notice of the accident, but did not file
a report of the accident until the 79th day after the accident.
Within 6 months of the accident, the workman's widow com-

menced a proceeding before the director by serving a claim for compensation on the employer, but she did not file an application for a hearing until June 30, 1977, which date is more than three years after the accident and more than three years after the employer filed a report of the accident. Although it has nothing to do with this proceeding, the claimant also made claim under the Missouri Workmen's Compensation Act, since the contract of employment was made in Missouri; that proceeding is still pending.

The statutes in effect at the time of the accident were K.S.A. 44-510e and K.S.A. 44-557. The pertinent provisions of those statutes, slightly but not materially modified, are now contained in K.S.A. 1978 Supp. 44-534(*b*) and K.S.A. 1978 Supp. 44-557. The Court of Appeals referred to the current statutes for convenience and clarity; we do likewise. The statutes read:

"No proceeding for compensation shall be maintained under the workmen's compensation act unless an application for a hearing is on file in the office of the director within three (3) years of the date of the accident or within two (2) years of the date of the last payment of compensation, whichever is later." K.S.A. 1978 Supp. 44-534(*b*).

"(*a*) It is hereby made the duty of every employer to make or cause to be made a report to the director of any accident, or claimed or alleged accident, to any employee which occurs in the course of his employment and of which the employer or his foreman has knowledge, which report shall be made upon a form to be prepared by the director, within twenty-eight (28) days, after the receipt of such knowledge . . . .

. . . . .

"(*c*) No limitation of time in the workmen's compensation act shall begin to run unless a report of the accident as provided in this section has been filed at the office of the director if the injured workman shall have given his notice of accident as provided by K.S.A. 44-520, as amended: *Provided,* That any proceeding for compensation for any such injury or death, where report of the accident has not been filed, must be commenced before the director within one (1) year from the date of the accident . . . ." K.S.A. 1978 Supp. 44-557.

The claimant has contended throughout this proceeding that since the employer failed to file a report within 28 days as required by § 44-557(*a*), the three-year limitation established by § 44-534(*b*) is inapplicable. The trial court and the Court of Appeals so held. The Court of Appeals said: "The statute [§ 44-557] broadly *abolishes* all time limitations when the employer fails to file his accident report within twenty-eight days of being notified of the accident." 3 Kan. App. 2d at 140. (Emphasis supplied.) We do not so read the statute.

The employer, on the other hand, contends that § 44-557(*c*)

only *suspends* the three-year statute of limitations so long as the employer fails to file an accident report; but that once a report is filed, the limitation commences to run; that in this case it ran and expired before the request for a hearing was filed; and that the claim is therefore barred. The examiner took this approach.

Our earlier cases are not helpful in determining the issue before us. *Ricker v. Yellow Transit Freight Lines, Inc.,* 191 Kan. 151, 379 P.2d 279 (1963) held only that service of a written claim by an employee upon an employer constitutes the commencement of a proceeding for compensation before the Workmen's Compensation Director, and thus a written demand for compensation served on the employer on May 3, 1961, was timely under § 44-557(*c*). The accident occurred on May 13, 1960, and the employer did not file an accident report until May 5, 1961. *Asp v. McPherson County Highway Dept.,* 192 Kan. 444, 388 P.2d 652 (1964) determined that the one-year limitation for commencing proceedings, contained in the proviso of § 44-557(*c*), was not extended by the failure of the employer to file an accident report.

In *Almendarez v. Wilson & Co.,* 188 Kan. 303, 362 P.2d 1 (1961), we approved as timely a claim filed some eight months after the injury, the employer having failed to file an accident report as required by § 44-557. We discussed the reason for the extension of time (from the then 180 days to one year) in which to file a claim; but that discussion is not helpful or persuasive here.

Section 44-534(*b*) is a three-year statute of limitation contained within the Kansas Workmen's Compensation Act. § 44-557(*c*) prevents the limitation of time contained in § 44-534(*b*) from *beginning to run* "unless a report of the accident as provided in this section [44-557] has been filed."

"A report of the accident as provided in this section" clearly refers to a "report . . . upon a form . . . prepared by the director." § 44-557(*c*) says "unless a *report . . . as provided in this section* has been filed." (Emphasis supplied.) The Court of Appeals' interpretation, it seems to us, would read the language as saying "unless a report . . . has been *filed as required in this section.*"

§ 44-557(*c*) prevents the limitation period from *beginning to run,* and thus *delays* the commencement of the time limitation; it does not *abolish* the three-year limitation period but merely *suspends* the start of the period when an accident report is not

timely filed. If the legislature had wished to abolish the period of limitation, it could have done so; it did not. Upon examination of the language employed in K.S.A. 1978 Supp. 44-557(c), we hold that section of the statute merely tolls the limitation provided by § 44-534(b) until such time as an accident report is filed.

Summarizing, we hold that when an accident report is filed by the employer within 28 days of the date of the accident or within 28 days after the employer has knowledge of the accident, then (1) the claimant must commence the proceeding before the director by serving a written claim for compensation on the employer as provided by K.S.A. 1978 Supp. 44-520a, and (2) there must be on file, in the office of the director, an application for a hearing, within 3 years of the date of the accident.

When, however, an accident report is *not* filed by the employer within 28 days of the date of the accident or within 28 days after the employer has knowledge of the accident, then (1) the claimant must commence the proceeding before the director by serving a written claim for compensation on the employer within one year of the date of the accident, and (2) there must be on file, in the office of the director, an application for a hearing, within three years of the date on which the employer files with the director a report of the accident.

In the case before us, the written claim for compensation was timely served, but no application for a hearing was filed within the three-year period commencing on June 13, 1974, the date on which the employer filed a report of the accident with the director. The application was filed beyond the expiration of the three-year period and came too late.

The judgment of the Court of Appeals is reversed; the judgment of the trial court is reversed; and the proceeding is remanded to the trial court with directions to dismiss the claim.

HERD, J., dissenting: I respectfully dissent. It is well established where a statute is plain and unambiguous there is no room for judicial construction. *Amoco Production Co. v. Armold, Director of Taxation,* 213 Kan. 636, 648, 518 P.2d 453 (1974). See *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 438-39, 573 P.2d 1073 (1978).

In this case the statute under consideration is K.S.A. 1978 Supp. 44-557(c); it provides:

"No limitation of time in the workmen's compensation act shall begin to run

unless a report of the accident as provided in this section has been filed at the office of the director if the injured workman shall have given his notice of accident as provided by K.S.A. 44-520, as amended . . . ."

A deceased worker's widow commenced proceedings for compensation by giving notice pursuant to K.S.A. 44-520, as amended. The employer neglected to report the accident pursuant to the above statute which clearly states that such a failure by the employer tolls all limitations of time in the act.

I think the legislature meant exactly what it said; the statute is crystal clear and unambiguous. A court violates the separation of powers doctrine of the constitution when it takes it upon itself to construe an act which needs no construction. It is not the function of the judiciary to substitute its judgment for that of the legislature but to interpret that which requires interpretation.

There is a valid reason for this rule of construction. The public and legal advisors have a right to rely on the wording of a statute which needs no interpretation. In this case, it is entirely possible, the widow and her attorney were late in requesting a hearing because they assumed they could rely on the clear wording of the statute.

This court has repeatedly held that the workmen's compensation act shall be liberally construed to make effective the legislative intent, and to award compensation to a workman where it is reasonably possible to do so. *Brinkmeyer v. City of Wichita,* 223 Kan. 393, 396, 573 P.2d 1044 (1978). If the trial court fails to apply the rule of liberal construction the appellate court has the duty to correct the failure. *Bender v. Salina Roofing Co.,* 179 Kan. 415, 422, 295 P.2d 662 (1956). In *Palmer v. Fincke,* 122 Kan. 825, Syl. ¶ 1, 253 Pac. 583 (1927), we held the workmen's compensation act should be liberally interpreted and flexibly applied. See *Bergemann v. North Central Foundry, Inc.,* 215 Kan. 685, 688, 527 P.2d 1044 (1974).

This court's opinion breaches every one of those admonitions. Here, the act, as written, favors the worker and this court construes it so the widow cannot recover.

I would affirm the trial court and the court of appeals.