(951 P.2d 1315)
No. 76,818

DONNELDA BURNSIDE, *Appellee*, v. CESSNA AIRCRAFT COMPANY, Self-Insured, *Appellant*, and/or KANSAS WORKERS COMPENSATION FUND, *Appellee*.

Opinion filed January 16, 1998.

*Edward D. Heath, Jr.*, of Wichita, for appellant.

*Steven L. Foulston*, of Wichita, for appellee Donnelda Burnside.

*Garry L. Howard*, of Slape & Howard, Chartered, of Wichita, for appellee Kansas Workers Compensation Fund.

Before RULON, P.J., LEWIS and PIERRON, JJ.

RULON, J.: This is an appeal by Cessna Aircraft Company, self-insured employer and the Workers Compensation Fund from an order entered by the Workers Compensation Board (Board). We affirm in part and dismiss in part.

Claimant Donnelda Burnside began working for Cessna Aircraft Company (Cessna) in August 1972 as a sheet metal assembler. Claimant had to work overhead and lift parts over her head that weighed well in excess of 10 pounds. Claimant testified that on April 2, 1981, she was holding a bucking bar (a big piece of heavy metal regularly used by sheet metal assemblers) while a co-employee was driving rivets, when she felt a sharp pain in her right shoulder. Claimant further testified that the bucking bar had hit her in the shoulder.

Cessna provided treatment for claimant at its medical department, and she returned to work. Claimant's shoulder continued to worsen over the next several months, however, and every time she

worked her arm would swell. Claimant testified that on June 11, 1981, Cessna took her off from working on aircraft fins where she was reaching over, and transferred her to building doors. Claimant indicated she still had to buck the rivets and that her shoulder condition worsened. The Cessna medical department referred claimant to Robert Rawcliffe, M.D., and claimant was placed on medical leave from July 6 until August 7, 1981. Claimant returned to work on August 7, 1981, with restrictions of a 35-pound lifting limit and no overhead work.

Claimant continued to work with conservative medical care until May 10, 1982, but was assigned to work which exceeded her restrictions. Claimant testified that after Cessna placed her on leave on May 10, 1982, she never went back to work. Various physicians treated claimant during the 1981-82 period, but Dr. Rawcliffe was the main doctor treating claimant. Rawcliffe was the only doctor testifying at the hearing.

On September 13, 1994, claimant filed an application for hearing with the Division of Workers Compensation stating the date of her accident as April 2, 1981, and each and every working day thereafter. Claimant further alleged the accident was caused by bucking rivets and other related work activities. Cessna had prepared an employer's report of accident on June 18, 1981, but had never filed the report with the office of the Director of Workers Compensation. At the regular hearing, the parties stipulated that Cessna had never filed the accident report.

At the regular hearing on February 22, 1995, the administrative law judge (ALJ) held that "[t]he Claimant met with personal injury by accident arising out of and in the course of employment with the Respondent [Cessna] after April 2, 1981, and each working day thereafter to May 10, 1982." The ALJ further found that claimant's September 13, 1994, application for hearing was timely filed, as supported by the holding in *Childress v. Childress Painting Co.*, 226 Kan. 251, 597 P.2d 637 (1979).

The ALJ held that claimant had demonstrated by a preponderance of the evidence that she was entitled to an award for permanent disability and found the Kansas Workers Compensation Fund (Fund) liable for 100% of the award.

The Fund appealed the award to the Board on September 21, 1995. The Board entered a decision on April 23, 1996, finding the award of the ALJ should be modified. The Board also relied upon *Childress* in holding claimant's application for hearing was timely filed in accordance with the requirements of K.S.A. 1980 Supp. 44-534(b). The Board reasoned that because "the parties stipulated the accident report was never filed as required by statute, the three-year period that claimant had to file her application for hearing never commenced."

The Board further concluded the equitable doctrine of laches did not prevent claimant from recovering because the Board only reviews those questions of law and facts presented to the ALJ. The Fund did not raise laches as a defense before the ALJ. The Board found that even if it were to consider the laches argument on the merits, this would not preclude claimant's recovery. The Board specifically concluded the laches defense could not be used in a workers compensation proceeding because such defense is "not contained in the Kansas Workers Compensation Act which is complete, exclusive and establishes its own procedures, rights, obligations and defenses."

The Board found claimant sustained personal injury while working for Cessna on April 2, 1981, and also "sustained additional permanent injury due to the work she performed between April 1981 and May 10, 1982." Furthermore, the Board held that because Cessna had "failed to prove it had knowledge before April 1981 that claimant had an impairment that constituted a handicap, the Workers Compensation Fund is not responsible for any of the benefits payable as a result of the April 2, 1981 accident." The Workers Compensation Fund, however, was responsible for the payment of benefits resulting from the May 10, 1982, accident. In reaching its decision, the Board stated:

"Dr. Rawcliffe's testimony is uncontroverted that claimant's condition worsened because she continued to work and violated her work restrictions and limitations. His testimony is also uncontroverted that claimant would not have the nature of the impairment she has today but for the preexisting cervical disc disease. The evidence is clear that respondent returned claimant to work in August 1981 with knowledge of her permanent restrictions and ongoing problems. Therefore, re-

spondent knew claimant was impaired and that the impairment was significant enough to constitute a handicap in her obtaining or retaining employment. The evidence is also clear and uncontroverted that claimant exceeded her restrictions and she sustained additional permanent injury and worsened symptoms due to the work she performed after August 1981. Under these facts, the Workers Compensation Fund is responsible for the entirety of the Award for the second accident."

On May 23, 1996, Cessna filed this appeal from the Board's award of April 23, 1996. Cessna's appeal was filed within 30 days of the Board's order. The Fund filed a cross-appeal from the Board's order more than 30 days after the Board entered its order.

## JURISDICTION

First, we must decide if the Fund filed a timely appeal to this court from the Board's order.

In *Jones* v. *Continental Can Co.*, 260 Kan. 547, 920 P.2d 939 (1996), the Fund appealed a Board order issued on September 29, 1995. The Fund filed the appeal on November 1, 1995, and claimed the appeal was timely filed with the 3 days added for service by mail. The respondent and the insurance carrier contended the Fund's appeal was untimely "because it was not filed within 30 days of the date of the Board's final order as required by K.S.A. 1995 Supp. 44-556(a)." 260 Kan. at 550. The *Continental Can* court held the 3-day mailing rule did not apply in workers compensation cases. Justice Larson said:

"The Workers Compensation Act provides its own time limit for appeal without reference to Chapter 60 and in preemption of K.S.A. 1995 Supp. 77-613. The statutory basis for applying the provisions of the Code of Civil Procedure to workers compensation appeals was removed by the legislature. This leads us to a strict application of the wording of K.S.A. 1995 Supp. 44-556(a) . . . ."

"Having gone the full circle in the wake of the many legislative changes, we are back to the clear statement and rule of *Bushman Construction Co. v. Schumacher*, 187 Kan. 359, 362, 356 P.2d 869 (1960), which states:

'Our decisions are replete that the Workmen's Compensation Act undertook to cover every phase of the right to compensation and of the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder.'

"Such a result is consistent with the rule that where a statute provides for an appeal, the appeal is governed by that statute rather than general statutes concerning the right to an appeal. [Citation omitted.]" 260 Kan. at 557.

The *Continental Can* court explained that although the time limits imposed by Supreme Court rules can be waived because they are not jurisdictional, this rule does not apply when a statute, such as the Workers Compensation Act, imposes the time limits for filing a notice of appeal. The *Continental Can* court held that the Fund had not appealed within the appropriate time limits imposed by the Workers Compensation Act. For the Fund to timely perfect its appeal from a Board's final order, the "appeal must be filed with the Court of Appeals within 30 days of the date of the order. Three additional mailing days are not permitted." 260 Kan. 547, Syl. ¶ 6.

Here, the Fund asserts it did not have to file a separate and distinct notice of appeal because Cessna filed a timely notice of appeal. The Fund did not file an appeal but instead filed a cross-appeal. We are convinced that because there are no special provisions in the Workers Compensation Act for cross-appeals (as in the Code of Civil Procedure), the Fund must follow the rules under K.S.A. 1996 Supp. 44-556(a) as our Supreme Court ordered in *Continental Can.*

The Board's order held Cessna responsible for the benefits due claimant from the accident of April 2, 1981, and the Fund responsible for the benefits for her injury sustained on May 10, 1982. The Fund's argument that Cessna's timely appeal was sufficient for the Fund's appeal to be timely is not persuasive considering that one of the Fund's issues asserts that Cessna should be estopped from asserting liability against the Fund. Even if the Fund's logic is applied, the Fund is limited to those issues raised by Cessna on appeal. Therefore, the only issue properly presented in this appeal is whether K.S.A. 44-534 and/or laches bars claimant's claim.

The Fund further argues that it did not file its cross-appeal out of time because this court denied claimant's motion to dismiss the Fund's appeal. The Fund claims that the matter has been decided by this court and the doctrine of res judicata should apply. Such reasoning is misplaced. This court may have denied claimant's motion to dismiss the Fund's appeal, but this denial does not auto-

matically grant this court jurisdiction to hear the Fund's cross-appeal. Under K.S.A. 1996 Supp. 44-556(a), "[a]ny party may appeal from a final order of the board by filing an appeal with the court of appeals within 30 days of the date of the final order." Following the strict interpretation principles mandated by our Supreme Court in *Continental Can*, we conclude the Fund filed its appeal well beyond the 30-day statutorily mandated time limit. Consequently, this court lacks jurisdiction to hear the issues raised by the Fund, and such issues are dismissed.

## UNTIMELINESS

Cessna claims that claimant's action for compensation is untimely due to her failure to file a timely application for hearing under K.S.A. 44-534(b). In the alternative, Cessna argues claimant's action is untimely under the doctrine of laches.

### A. Untimeliness and K.S.A. 44-534(b)

The scope of appellate review regarding workers compensation claims was discussed in *Copeland v. Johnson Group, Inc.*, 24 Kan. App. 2d 306, 311-12, 944 P.2d 179 (1997). The *Copeland* court stated:

"K.S.A. 44-556(a) specifically subjects workers compensation appeals to the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq*. That Act limits the relief granted on appeal. K.S.A. 77-621(c). K.S.A. 77-621(c) states that the court shall grant relief only if it determines any one or more of the eight conditions stated are present, including the following:

" '(4) the agency has erroneously interpreted or applied the law;

. . . . .

" '(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act.'

"In 1993, 44-556(a) was amended to limit this court's review of an order entered by the Board to questions of law. K.S.A. 44-556(a). However, whether the Board's findings of fact are supported by substantial competent evidence is a question of law. See *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 223, 885 P.2d 1261 (1994)."

Although claimant's injuries occurred in 1981 and 1982, the first order regarding those injuries was not issued until 1995. As such, our scope of appellate review follows the rules established for those cases filed on or after October 1, 1993. See K.S.A. 1996 Supp. 44-556(c); *Gleason v. Samaritan Home*, 260 Kan. 970, 985, 926 P.2d 1349 (1996).

Claimant contends that her application for hearing was timely, given the parties' stipulations to the following facts:

"(1) the 'Employer's Report of Accident' prepared on June 16, 1981 for claimant's injury of April 2, 1981, was never filed with the Office of the Director of Workers Compensation, according to the records of the Division of Workers Compensation and (2) according to the records of the Division of Workers Compensation, no 'Employers Report of Accident' was ever filed with the Office of the Director of Workers Compensation for any accidental injury alleged by claimant in this case."

Claimant argues the application of the reasoning in *Childress*, 226 Kan. 251, to this case eliminates the time limit for filing the application for hearing because Cessna never filed a report of the accident. In *Childress*, the court interpreted K.S.A. 1978 Supp. 44-557(c). The current version of K.S.A. 44-557(c) states that "[n]o limitation of time in the workers compensation act shall begin to run unless a report of the accident as provided in this section has been filed at the office of the director if the injured employee has given notice of accident as provided by K.S.A. 44-520." K.S.A. 44-557(c). The *Childress* court held that when

"an accident report is *not* filed by the employer within 28 days of the date of the accident or within 28 days after the employer has knowledge of the accident, then (1) the claimant must commence the proceeding before the director by serving a written claim for compensation on the employer within one year of the date of the accident, and (2) there must be on file, in the office of the director, an application for a hearing, within three years of the date on which the employer files with the director a report of the accident." 226 Kan. at 254.

Cessna admits the *Childress* decision has been cited for the proposition that if an employer files an accident report late, the 3-year period does not begin to run until the employer's accident report is filed. See *Sparks v. Wichita White Truck Trailer Center, Inc.*, 7 Kan. App. 2d 383, 385, 642 P.2d 574 (1982). Cessna argues

this case, however, is factually dissimilar from *Childress* and requires a different result. Cessna argues that

"[t]he record in this claim reflects that an accident report was prepared by the Registered Nurse at Cessna and dated June 16, 1981. The parties have stipulated that the report is not on file at the Director's Office. The report reflects, on its face, an error in the claimant's Social Security Number. The passage of over 13 years from the date of the report until the claimant's Application for Hearing have made impossible any explanation for the incorrect Social Security Number or how that error on the face of the report affected the filing in the Director's Office."

Cessna claims its preparation of the accident report within approximately 74 days of the original 1981 injury and the length of claimant's unexplained delay in filing her application for hearing "should mitigate against the strict application of the *Childress* holding."

Cessna's arguments are not persuasive. The language of *Childress* is clear that the time limitation to file a claim does not start running until the required accident report is filed. Claimant's incorrect social security number does not change the fact that Cessna never filed the required accident report with the Director.

Cessna argues this case is distinguishable from *Childress* on its facts, but aside from the claimant's incorrect social security number, Cessna presents no other distinguishable facts in this case to show why *Childress* should not apply to claimant's claim. Filing an accident report is an absolute statutory prerequisite, and Cessna admits no such report was filed. Kansas cases support strict statutory adherence to encourage employers to file the accident reports so that the Director has notice and can inform the worker of his or her rights to compensation. See *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 347 P.2d 235 (1959); *Morgan v. Inter-Collegiate Press*, 4 Kan. App. 2d 319, 322, 606 P.2d 479 (1980). Therefore, the only way to distinguish this case from *Childress* would be to conclude that the *Childress* holding was not meant to apply to a claim filed after such an egregious length of time. Statutory and case law, however, explicitly provide that the period of time within which to file a workers compensation claim is tolled until the employer files its accident report.

## B. Application of the Doctrine of Laches

Distilled to its essence, Cessna claims the claimant's application for benefits should be estopped by the doctrine of laches. However, Cessna cites no Kansas cases or statutory authority to support this argument. Furthermore, there is some question if this argument is properly before this court. Even if we assume we have jurisdiction to decide this issue, Cessna is not entitled to any relief. Under the "strict application" principles announced in *Continental Can*, there is no statutory authority in Kansas which would permit the doctrine of laches to time bar a claimant's application for workers compensation benefits, because the Kansas Workers Compensation Act is complete within itself.

Affirmed in part and dismissed in part.